[Department One.—January 17, 1884.]

## THOMAS J. HALL, RESPONDENT, *v.* H. W. RICE, ADMINISTRATOR OF THE ESTATE OF THOMAS HEPBURN, DECEASED, ET AL., APPELLANTS.

MISNOMER—IMMATERIAL MISTAKE.—The insertion of the name "Thomas Heptum" in a bond for a deed signed by Thomas Hepburn, *held*, to be immaterial.

JURISDICTION—SUPERIOR COURT—SPECIFIC PERFORMANCE OF CONTRACT OF A DECEDENT.—At any time within six months after the dismissal, without prejudice, of a petition to a Probate Court to compel an administrator to convey lands in accordance with the terms of a bond executed by the decedent, the obligee may sue in the Superior Court for a specific performance of the contract. It will be presumed that the petition was dismissed upon the ground that the petitioner's right to relief was considered doubtful by the Probate Court.

PRACTICE—AMENDMENT.—A court may allow a formal amendment to a complaint after the trial and during the argument.

CONTRACT—CONSIDERATION—PRESUMPTION.—In a contract for the sale of lands, the consideration named in the instrument will be presumed to be fair and adequate, in the absence of evidence to the contrary.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order denying a new trial.

Action against the administrator and heirs of Thomas Hepburn, deceased, to enforce the specific performance of a contract for the sale of land made by the decedent. A petition had been presented to the Superior Court for an order compelling the

administrator to convey, which was dismissed without prejudice to the rights of the petitioner under the provisions of section 1602 of the Code of Civil Procedure. After the trial and during the argument of the case, the court permitted the plaintiff to amend his complaint by inserting an averment that the amount mentioned in the contract was a just, fair, and adequate consideration for the land sold. The other facts sufficiently appear in the opinion.

*W. B. Treadwell,* for Appellants. If the error in the insertion of the name of Thomas Heptum in the bond was immaterial, the remedy of the plaintiff was by application to the Probate Court, under the provisions of §§ 1597–1602, Code Civ. Proc. If the variance was material, the statute of frauds bars any attempt to reform the instrument or to enforce it as reformed. (*Osborn* v. *Phelps,* 19 Conn. 63; *Glass* v. *Hulbert,* 102 Mass. 24; 2 White & Tudor's Leading Cases in Equity, 4th Am. Ed. 993–998; Bispham Eq. §§ 381, 382.) The amendment to the complaint should not have been permitted. (*Cooke* v. *Spears,* 2 Cal. 409; *Allen* v. *Ransom,* 44 Mo. 263; *Gale* v. *Foss,* 47 Mo. 276; Bliss, Code Pleading, §§ 428–430; Code Civ. Proc. § 473; *Bruck* v. *Tucker,* 42 Cal. 346.)

*J. Lambert,* for Respondent. The Superior Court had jurisdiction. (*Willis* v. *Farley,* 24 Cal. 491; *Hicks* v. *Bell,* 3 Cal. 219; *Freeman* v. *Powers,* 7 Cal. 104; *Cory* v. *Hyde,* 49 Cal. 472.) The amendments to the complaint were properly allowed. (*Cooke* v. *Spears,* 2 Cal. 409; *Stearns* v. *Martin,* 4 Cal. 227; *Roland* v. *Kreyenhagen,* 18 Cal. 455; *Pierson* v. *McCahill,* 22 Cal. 127; *Butler* v. *King,* 10 Cal. 342; *McMillan* v. *Dana,* 18 Cal. 339; Code Civ. Proc. § 473.)

PER CURIAM.—(1) We think the insertion of the name "Thomas Heptum" in the bond for a deed signed by *Thomas Hepburn,* is immaterial.

2. The Superior Court had jurisdiction of this action, which is, in effect, a suit in equity for specific performance of a contract for the sale and purchase of lands. (Const. art. vi. § 5.)

Whether the legislature did or did not have power to enact sections 1595–1607 of the Code of Civil Procedure, the plaintiff herein alleged and the court below found that the plaintiff's

petition, presented as provided in section 1598 was by the Probate Court "dismissed without prejudice," and this action was brought within six months after such dismissal.

The Probate Court had jurisdiction, if the provisions of the Code are valid, to dismiss the plaintiff's petition "without prejudice," etc. The fact of such dismissal of a petition praying that the administrator be compelled to convey the same land described in the complaint herein, gave the Superior Court jurisdiction—even if it be admitted its jurisdiction depended upon any previous action of the Probate Court. It must be presumed the dismissal was on the ground of the dubiety of the right. The jurisdiction of the Superior Court cannot depend upon the *correctness* of the action of the Probate Court in holding that the right of the petitioner was *doubtful;* if so, the Superior Court can never assume jurisdiction of such an action.

It is not for the Superior Court to inquire what reason the Probate Court gave for dismissing the petition. Ought the Superior Court to have held that the "facts and circumstances" were not examined by the Probate Court, and could not have been, because the order of dismissal followed upon an order sustaining a demurrer to the petition, and therefore, that the order of the Probate Court is void, and the petition is still pending in that court? It was not intended that the Superior Court should go behind the order of the Probate Court, dismissing the petition without prejudice.

3. There was evidence to sustain the finding that the bond was delivered during the lifetime of Hepburn.

4. We think the court did not err in allowing the formal amendment to the complaint. The bill of exceptions recites that "no evidence" was given whether the sum mentioned was a fair, just, and adequate consideration for the land. But this must, of course, mean evidence other than the contract itself. The agreement by one, not claimed to be otherwise than mentally competent to protect his own interests, is evidence from which the court would be justified in concluding that the consideration was fair and adequate, nothing being proved to create suspicion that it was insufficient.

Judgment and order affirmed.

Hearing in Bank denied.