Argued 8 October, decided 15 October, 1907.

## WATERHOUSE *v.* CLATSOP COUNTY.

91 Pac. 1083.

TAXATION—STATUTORY PROVISION FOR COLLECTION.

The extension of the taxes on the assessment roll is part of the process of collection and is no part of the assessment, apportionment or levy.

From Clatsop: THOMAS A. MCBRIDE, Judge.

Suit by John Waterhouse and George Kaboth to restrain Clatsop County and its officers from purchasing a blank assessment roll and extending thereon the assessment and taxes for the year 1907, for the reasons that there is no law authorizing such expense and that plaintiffs' taxes will be thereby greatly increased illegally. A demurrer to the complaint was overruled and a decree entered as prayed. The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.

AFFIRMED.

For appellants there was a brief over the names of *Gilbert L. Hedges,* District Attorney, and *John Curran McCue.*

For respondents there was a brief over the names of *John Henry & Albert Marshall Smith.*

Opinion by MR. CHIEF JUSTICE BEAN.

The question for decision on this appeal is whether the county clerk is required to extend the taxes levied for the year 1907, on the original assessment roll, and deliver such roll, with a warrant for the collection attached, to the tax collector, or whether he shall make a transcript of the original roll, extend the taxes thereon, and deliver the same, with the tax warrant attached, to such officer. Prior to the act of February 28, 1907 (Laws 1907, p. 453), the law required the county clerk to make a certificate of the several amounts apportioned to be assessed upon the taxable property of his county and deliver the same to the sheriff, together with a transcript of the original assessment roll, with the amount of taxes extended and entered thereon, and with a warrant authorizing the collection of such tax attached: B. & C. Comp. § 3090. On February 28, 1907, an act was passed to provide a more efficient system for the levy and collection of taxes: Laws 1907, p. 453. By Section 14 of this act the county clerk is to extend the taxes on the original roll in place of on a transcript thereof, as formerly, and deliver such original roll, with the taxes so extended and warrant attached, to the tax collector; and by Section 80 it is declared that all laws heretofore in force are to continue in force and effect until all things and acts in and about the assessment, apportionment and levy of taxes upon the basis of ownership of property on the 1st day of March, 1907, and the assessment, apportionment, levy and collection of taxes and proceedings incident thereto, made or commenced prior to such date (except as specified in Section 55), have been fully and duly performed, but that the taxes levied on the basis of ownership of property on the 1st day of March, 1907, shall be collected as in the act provided.

The object of this provision is plain. The assessment for the year 1907 was to be made on the basis of ownership of property on March 1, of that year, and therefore would be ·partly completed before the act of February 28th could go into effect. It was consequently provided that such assessment should be made and the taxes apportioned and levied in accordance with the law in force at the time the making of the assessment was commenced. The taxes assessed and levied for the year 1906, and previous years, could not, in the nature of things, be all collected prior to the time the act of 1907 came into effect, and therefore it was provided that as to assessment, apportionment, levy and collection of such taxes the law under which the same was made should continue in force. But there was no necessity for any such provision as to the collection of taxes levied on the assessment of 1907, and hence it is provided that such taxes shall be collected in the manner provided in the act of February 28, 1907. The extension of taxes on the tax roll and the delivery of the roll, or a copy thereof, to the tax collector, with a warrant attached, is a step in the collection of the taxes, and not in the assessment, apportionment or levy. The law has always carefully distinguished between the assessment, apportionment and levy of taxes, and their collection, and the extension of the taxes upon the roll, or a copy thereof, has always been regarded as one step in the collection. Chapters 1 to 5, inclusive, of Title 30, B. & C. Comp., relates to the assessment, apportionment and levy of taxes, while chapters 6 and 7 govern their collection, and the provision for the extension of the taxes on a transcript of the roll and delivery of such transcript to the sheriff is part of chapter 6. The same distinction was recognized by the legislature of 1907. It passed two acts in reference to assessment and collection of taxes—one to provide a more efficient and equitable system for the assessment of property for taxation (Laws 1907, p. 485), and the other a more efficient system for the levy and collection of taxes, and the provision in reference to the extension of the taxes on tax roll is found in the latter act: Laws 1907, p. 453.

We conclude, therefore, that the extension of the taxes on the tax roll is no part of the assessment, apportionment or levy of the tax, but is a step in the process of its collection, and the clerk should extend the taxes for 1907 on the original assessment roll, and deliver such roll, with warrant attached, to the tax collector, as provided in act of 1907.  Decree of court below will be affirmed.                                    AFFIRMED.