[L. A. No. 3138.   Department One.—May 5, 1913.]

## J. W. HALL, Appellant, v. PARK BANK OF LOS ANGELES (a Corporation), et al., Respondents.

TAXATION—SALE TO STATE FOR EXCESSIVE AMOUNT IS VOID—EXCESS OF FIFTY CENTS.—A sale of real property to the state for delinquent taxes, for an amount in excess by fifty cents of all amounts due for taxes, penalties, costs, and charges of every description, is void, and the subsequent attempted sale by the state, based wholly thereon, is a nullity, and the deed from the state is ineffectual to convey any title.

ID.—CHARGES FOR ADVERTISING—LAND AND IMPROVEMENTS ASSESSED TOGETHER—SEPARATE ASSESSMENT OF PERSONAL PROPERTY.—Section 3770 of the Political Code, providing that the tax-collector "must collect, in addition to the taxes due on the delinquent list, together with the penalties for delinquency, fifty cents on each lot, piece, or tract of land separately assessed, and on each assessment of personal property," does not authorize a separate fifty cent charge for improvements on land, where there was a single assessment of the land with the improvements thereon, with the respective values of the land and improvements stated in separate columns. The limit of the charge in such a case is fifty cents for both land and improvements. An additional charge of fifty cents is authorized for an assessment of personal property.

ID.—ADVERTISING CHARGE FOR DELINQUENT POLL-TAX UNAUTHORIZED—INCLUSION OF CHARGE INVALIDATES SALE.—When a delinquent poll-tax, due from the person whose property is assessed, is shown on the delinquent roll, section 3860 of the Political Code, providing that where a person assessed for a property tax has not paid his poll-tax, it constitutes a lien upon the property assessed to such person, and must be collected in the same manner and at the same time as delinquent taxes are collected, does not authorize an addi-

tional advertising charge of fifty cents on account thereof. The inclusion of such a charge in the amount for which the assessed land was sold to the state, renders the sale, and a subsequent sale by the state, invalid.

ID.—OBJECT OF INCLUDING POLL-TAX IN DELINQUENT ROLL.—The statement as to poll-tax contained on the delinquent roll is not an "assessment" of property at all, but is simply a statement as to a tax and a penalty thereon, which, with other taxes and penalties, are to be enforced against the property assessed. It is a matter required to be shown on the delinquent roll, with delinquent state, road, and hospital tax, by section 3764 of the Political Code, in order that all taxes constituting liens on the property assessed may be collected or enforced against such property.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

Carter, Kirby & Henderson, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment against him and an order denying his motion for a new trial, in an action to quiet his alleged title to a parcel of land in the city of Los Angeles. Plaintiff's claim of title is based wholly on certain proceedings for the collection of state and county taxes for the year 1903, culminating in the purchase by him of the land from the state at a sale had on June 7, 1910, and a deed of the state of the same date, purporting to convey the property in pursuance of such sale. It is not claimed that the judgment is in any way erroneous if such proceedings did not result in vesting title to the property in him.

The tax proceedings are alleged by defendants to be invalid for many reasons, only one of which it will be necessary to notice.

It is claimed by defendants that the sale of this property *to* the state, which was made on July 1, 1904, was for an amount in excess by at least fifty cents of all amounts then due for taxes, penalties, costs, and charges of every descrip-

tion. It is settled by our decisions that if such is the fact, such attempted sale to the state was void, with the result that the subsequently attempted sale by the state, based wholly on said sale of July 1, 1904, is a nullity, and the deed to plaintiff ineffectual to convey any title. (See *Rimmer* v. *Hotchkiss,* 162 Cal. 390, [123 Pac. 256].) We see no good answer to defendants' claim in this regard.

The amount for which the property was sold to the state was, as shown by the deed to the state, $19.94. The delinquent assessment-roll was introduced in evidence on the trial, and this showed the taxes, penalties, and charges alleged to be due, making in the aggregate $19.94. The taxes were $12.78, the penalties for delinquency thereon $1.66, amount due on one delinquent poll-tax $4.00 and $1.50 for advertising fee. The question is as to the correctness of the advertising charge.

The assessment was one to Wm. C. Robertson of a designated lot of land, and certain personal property. In the column headed "value of city and town lots" was written "$250," in the column headed "value of improvements thereon" was written "$750," and in the column headed "value of all personal property," etc., was written "$65," making a total value for taxation, after deductions, of $1,065. In another column headed "Persons liable for state poll-tax indicated thus—1" was written "1." This in itself indicated a charge for poll-tax of $4.00, being the $2.00 poll-tax, the penalty of $1.00 accruing on the first Monday of August, if the tax is not paid to the assessor prior thereto, and the additional penalty of thirty-three and one-third per cent on the $3.00, or $1.00, accruing on the first Monday of the following January, when it is placed on the delinquent roll and such roll is returned to the tax-collector for collection, if such tax has not been paid to the assessor.

The right to collect an advertising charge exists solely by reason of the provisions of section 3770 of the Political Code, a section contained in the chapter entitled "Collection of property taxes." The section provides: "The tax-collector must collect, in addition to the taxes due on the delinquent list, together with the penalties for delinquency, fifty cents on each lot, piece, or tract of land separately assessed, and on each assessment of personal property, which shall be paid to the county and be placed to the credit of the salary fund."

It is settled that this section does not authorize a separate fifty cent charge for improvements on land where the assessment is as it was in this case, i. e., a single assessment of the land with the improvements thereon, with the respective values of the land and improvements stated in separate columns, and that the limit of the charge in such a case is fifty cents for both land and improvements thereon. (*Rimmer* v. *Hotchkiss,* 162 Cal. 390, [123 Pac. 256].) An additional charge of fifty cents was authorized by the section on account of the assessment of personal property. The advertising charge was therefore proper to the extent of one dollar. Clearly the additional charge of fifty cents cannot be held good unless, as claimed by plaintiff, it was allowable on account of the delinquent poll-tax, which, by reason of its previous nonpayment and its being shown on the delinquent roll, was a lien upon the property assessed to the delinquent. Section 3860 of the Political Code contained in another chapter headed "poll-taxes," which is claimed by plaintiff to authorize such a charge, provides, "If any person, assessed for a property tax, has not paid to the assessor the poll-tax due from him, or for which he is liable, it, with thirty-three and one-third per cent in addition thereto, constitutes a lien upon the property assessed to such person, . . . and must be collected in the same manner and at the same time as delinquent taxes are collected." We see nothing in this section to warrant us in holding that an additional advertising charge of fifty cents on account thereof is authorized. As is substantially said in defendants' brief, there must be clear authority for every charge made in tax proceedings. The statement as to poll-tax contained on the delinquent roll is not an "assessment" of property at all, but is simply a statement as to a tax and a penalty thereon, which, with other taxes and penalties, are to be enforced against the property assessed. It is a matter required to be shown on the delinquent roll, with delinquent state, road, and hospital tax, by section 3764 of the Political Code, a section contained in the same chapter with section 3770, in order that all taxes constituting liens on the property assessed may be collected or enforced against such property. Section 3770 of the Political Code limits the advertising charge to assessments of property, fifty cents on each lot, piece or tract of land separately

assessed and fifty cents on each assessment of personal property, entirely regardless of the various taxes constituting a lien on the property assessed and enforceable against the same in a single proceeding. The only effect of section 3860 of the Political Code in this connection is to make the delinquent poll-tax and the penalty thereon, in all four dollars, a lien on the property assessed to the delinquent, and to require the collection thereof with any other taxes and charges due from such person, by sale to the state of the property on which it is a lien, if necessary.

In view of what we have said, the charge of more than one dollar for advertising was unauthorized. The sale to the state was, therefore, for an amount in excess of all amounts due. It follows, under our decisions, that the plaintiff showed no title in himself.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.