[Civ. No. 1813.    First Appellate District.—August 23, 1916.]

## PEOPLE'S WATER COMPANY (a Corporation), Respondent, v. HARRY BOROMEO et al., Appellants.

EJECTMENT — FINDINGS — LACK OF INCONSISTENCY. — In an action in ejectment, wherein the plaintiff alleges seisin or right of possession in itself for the period of five years last past, and also alleges possession on the part of the defendants at the time of the commencement of the action, and the answer of the defendants denies the plaintiff's possession and right of possession for the period claimed, and alleges that the defendants have been in the adverse possession of the premises for more than twelve years, there is no inconsistency between the finding of the plaintiff's seisin within five years and of the defendants' adverse possession for the period of twelve years prior to the filing of the complaint, nor is the latter finding sufficient to bar the plaintiff's recovery under section 318 of the Code of Civil Procedure, where it is also found that the defendants had not paid the taxes for the requisite years.

ID.—FAILURE TO PAY TAXES—INVALIDITY OF ASSESSMENTS—BURDEN OF PROOF.—Where in such an action it is admitted that the taxes levied and assessed for the years in question were not paid, and it is contended that the assessments were invalid, the burden is upon the defendants to show such invalidity.

ID. — COMPUTATION AND ENTRY OF TAXES BY AUDITOR — OMISSION NOT FATAL.—A tax assessment is not invalid by reason of the failure of the county auditor to comply with section 3731 of the Political Code, which requires him, after receiving from the state board of equalization a statement of whatever changes have been ordered by

said board in the assessment-book of the county, and after making the corresponding changes, if any, in said assessment-book, to then compute and enter in a separate money column in the assessment-book the respective sums to be paid as a tax on the property, and segregate and place in their proper columns of the book the respective amounts due in installments, as such work is no part of the levy, but is merely a step in the process of the collection of taxes.

APPEAL from a judgment of the Superior Court of Alameda County.    Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Milton Shepardson, and L. A. Kottinger, for Appellants.

Tom Bradley, and Harry E. Leach, for Respondent.

THE COURT.—This is an appeal from a judgment in an action of ejectment.    The plaintiff alleges seisin or right of possession in itself for the period of five years last past, and also alleges possession on the part of the defendants at the time of the commencement of the action.    The answer of the defendants denies the plaintiff's possession and right of possession for the period claimed, and alleges that the defendants have been in the adverse possession of the premises for more than twelve years.    The trial court found in favor of the plaintiff's seisin during the past five years, but also found that the defendants had been in the open, notorious, exclusive, and uninterrupted possession of the premises during the period from 1901 up to March 22, 1912, the date of the filing of the complaint.    The court, however, found that the taxes had been duly levied and assessed upon said premises for the years 1903, 1904, 1907, 1909, and 1911, which had not been paid by the defendants or any of them, or by any person on their behalf; and thereupon found as a conclusion of law that the plaintiff was entitled to the possession of the premises in question.

The appellants contend that the finding by the court of the plaintiff's seisin within five years and of the defendants' adverse possession for the period of twelve years prior to the filing of the complaint are inconsistent, and also contends that the latter finding by the court is sufficient to bar the plaintiff's recovery under section 318 of the Code of Civil Procedure.    There is no merit in either of these contentions,

The seisin which the plaintiff had in the premises at the time of the commencement of the action and for the period of four years immediately preceding that date was merely the right of possession which could only be destroyed by the ripening of the defendants' title by adverse possession through their compliance with all of the legal requirements, including the payment of taxes necessary to produce that result; section 318 of the Code of Civil Procedure is to be read in connection with sections 322, 323, and 325 of the same code, which set forth the legal prerequisites of the creation of such a title by adverse possession as would defeat the plaintiff's seisin in law.

The final and only substantial contention involved in this appeal arises out of the appellants' admission that the taxes levied and assessed upon the premises for the years above set forth were not paid by them, but their insistence that said taxes were not legally assessed or levied, and hence that they were not bound to pay them. This contention is based upon a number of alleged irregularities in the levy and assessment of the taxes for said years, but in the closing brief of appellants these are finally refined down to the single contention that section 3731 of the Political Code was not complied with by the officials charged with the duty of making a proper and legal levy and assessment of the taxes to be charged against the premises in question.

In this section of the Political Code the county auditor, after receiving from the state board of equalization a statement of whatever changes have been ordered by said board in the assessment-book of the county, and after making the corresponding changes, if any, in said assessment-book, must then compute and enter in a separate money column in the assessment-book the respective sums to be paid as a tax on the property, and segregate and place in their proper columns of the book the respective amounts due in installments. The record shows that this duty was not performed by the auditor in respect to the property and for the years in question; but the respondent insists, and we think correctly, that this work of the auditor as required by the foregoing section of the Political Code is no part of the levy and assessment of the taxes, but is merely a step in the process of their collection. The terms "levied" and "assessed" employed in section 325 of the Code of Civil Procedure in relation to taxes have been considered to have reference to the act of the board of super-

visors in making the levy and of the assessor in making the assessment, and have no reference to the acts of the auditor in making the computations and carrying out the columns and segregating installments required by section 3731 of the Political Code. (*Allen* v. *McKay,* 120 Cal. 332, [52 Pac. 828] ; *Waterhouse* v. *Clatsop,* 50 Or. 176; [91 Pac. 1083].)

The argument of the appellants that every step in the process of making up the assessment-roll is *strictissimi juris,* and must be complied with to the letter before a valid obligation to pay taxes is imposed upon the property owner, while no doubt true in its application to the proceeding leading up to a valid levy and assessment of the tax, has not been held to apply with the same degree of strictness to the mere ministerial acts of the clerk of the board of supervisors and of the auditor in making the affidavits and carrying out the computations after the taxes have been duly levied and assessed. (*Steele* v. *San Luis Obispo County,* 152 Cal. 785, [93 Pac. 1020].)

The plaintiff having introduced in evidence the assessment-rolls for the years in question, showing that taxes were levied and assessed upon the property, the burden was then cast upon the defendants to show that these levies and assessments were not valid in order to entitle them to claim the benefit of the sections of the code relating to title by adverse possession. In our opinion they have not sustained this burden, and it follows that the trial court was not in error in its conclusion of law that the plaintiff was entitled to possession of the premises in dispute.

Judgment affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on September 22, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1916.