[Civ. No. 4538.   Second Appellate District, Division Two.—October 29, 1924.]

## CHESTER A. BELL, Respondent, v. FEE TITLE COMPANY (a Corporation), Appellant.

[1] APPEALS — BILL OF EXCEPTIONS — STATEMENT OF THE CASE — SYNONYMOUS TERMS.—When the ends of justice require it, the terms "bill of exceptions" and "statement of the case" are regarded as synonymous.

[2] ID.—SERVICE UPON COUNSEL—CERTIFICATION BY TRIAL JUDGE—PRESUMPTION.—Where the record on appeal does not indicate that a draft of the document submitted as a bill of exceptions was served upon respondent or his counsel, but no objection on this ground was taken in the trial court, and the statement is certified by the trial judge as correct, it will be presumed that it was properly served, in the absence of anything in the record showing to the contrary.

[3] ID.—FAILURE TO SIGN DRAFT OF BILL OF EXCEPTIONS—ABSENCE OF PREJUDICE.—The failure of appellant to authenticate the draft of a document submitted as a bill of exceptions, either by the signature or indorsement of the attorney or of himself if he appears in person, does not require that his appeal be considered upon the judgment-roll alone, where respondent does not attempt to say that he was in any way prejudiced thereby and, as he has fully presented his side of the case, no miscarriage of justice appears to have resulted from the oversight.

[4] TAXATION—PROPERTY LEVIED UPON—IMPROPER DECLARATION—INTENT.—Tax proceedings are not void by reason of the fact that the resolution of the board of supervisors fixing the tax levy

---

1. See 2 Cal. Jur. 529.
2. See 2 Cal. Jur. 539.

contains a declaration that a necessity exists for the levy of taxes upon property "exclusive of property within incorporated cities," where the levy was actually made upon all property inclusive of that within incorporated cities, according to law, and from the entire order of the board of supervisors it is apparent the board intended. to include all property within incorporated cities in the order.

[5] ID.—COMPUTATION OF PENALTIES — REJECTION OF FRACTIONS OF CENT.—The provision of section 3731 of the Political Code that the auditor, in computing taxes, shall compute the respective sums in "dollars and cents, rejecting the fractions of a cent," can have no application to the computation of penalties; and in the absence of any law authorizing the rejection of fractions of a cent, the auditor would have no right to make such rejection.

[6] ID.—APPEAL—ABSENCE OF ASSESSMENT-ROLL—COMPLIANCE WITH LAW—PRESUMPTION.—On appeal from a judgment in favor of plaintiff in an action to quiet title to property acquired through a deed from the county tax collector, where the assessment-roll is not in evidence it will be presumed that every requirement pertaining thereto was regularly observed.

[7] ID.—DESIGNATION OF SCHOOL DISTRICT—EVIDENCE—PRESUMPTION. In view of the provision of section 1576 of the Political Code that "Every city or incorporated town, except cities and towns of the sixth class, unless subdivided by the legislative authority thereof, shall constitute a separate school district," and there being no proof that the city of Pasadena (which is not a city of the sixth class) had been subdivided into more than one school district, the designation on the assessment "City of Pasadena" established the presumption that the property was in the Pasadena city school district.

[8] ID.—NAME OF OWNER—IDEM SONANS.—The fact that the advertisement was in the name of Leonide Ducommun, as was also the assessment shown under "taxpayer's name," while the deed showed the name to be Leonide Ducommen, did not render the tax sale void.

[9] ID.—AMOUNT OF LEVY—FAILURE TO LEVY MAXIMUM.—Unless it can be shown that some part of the tax in question was illegally levied, the fact that the levy in question was much less than the minimum amount called for by the school superintendent (pursuant to section 1764 of the Political Code) did not invalidate the assessment.

[10] ID.—PROPERTY LEVIED UPON—SUFFICIENCY OF DESCRIPTION—EVIDENCE—FINDING.—There is no merit in the contention on appeal

8. Effect on tax sale proceedings of misnomer of owner, note, Ann. Cas. 1918D, 573. See, also, 26 R. C. L. 358.

10. See 26 R. C. L. 357.

that the map of the subdivision in which the property in question was situated was so indefinite as to render it impossible to determine that said property was in the city of Pasadena, where the delinquent tax list stated that the property was in Pasadena, and the lower court adjudged from all the evidence in the case that the property levied upon was so situated, and it nowhere appears that the assessor failed to perform his duty to levy upon the property situated only in said city of Pasadena for the purpose of raising funds for the schools of the Pasadena School District.

(1) 4 C. J., p. 208, sec. 1807.   (2) 4 C. J., p. 792, sec. 2748.   (3) 4 C. J., p. 488, sec. 2229.   (4) 37 Cyc., p. 972.   (5) 37 Cyc., p. 1544.   (6) 37 Cyc., p. 1069.   (7) 35 Cyc., p. 1022.   (8) 29 Cyc., p. 272.   (9) 35 Cyc., p. 1009.   (10) 35 Cyc., p. 1022.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles S. Conner for Appellant.

Emmet H. Wilson for Respondent.

CRAIG, J.—Complaint to quiet title was filed herein by respondent, claiming to own the property in controversy by title acquired through a deed from the county tax collector. Issue was joined and after trial before the court judgment was rendered in favor of the plaintiff. A motion for a new trial was presented and denied, and this appeal was taken upon a document which appellant contends is a bill of exceptions, although it is entitled "Statement of the Case."

Respondent insists that it is in no sense a bill of exceptions, and that its informality, and the irregularity of attendant proceedings, render it ineffectual; that it is nothing more than a statement of the case, that it is not signed, and that it must therefore be disregarded, and the decree affirmed. [1] Were we confronted merely with the distinction between a bill of exceptions and a statement of the case, such objection would not merit serious consideration, since when the ends of justice require it those terms are regarded as synonymous. (*Dennis* v. *Gordon,* 163 Cal. 427 [125 Pac. 1063].)

Following the judgment-roll in this record appears the statement: "That the following is a complete statement of the evidence given, and of all the proceedings had on the said trial." The motion for new trial was based upon the same statement which is brought here as a bill of exceptions or statement of the case, and it concludes as follows:

"And now comes the defendant, Fee Title Company, and asks that this, its statement, on motion to set aside the decision and judgment herein rendered, and grant a new trial —be settled, allowed and approved, and that said decision and judgment be vacated and set aside and a new trial granted on the grounds specified.

——————————————,

"Attorney for Fee Title Company, Defendant.

"O. K. —————,

"Attorney for Plaintiff.

"The above statement is hereby settled, allowed and approved as a true and correct statement of the case.

"(Signed) Leslie R. Hewitt,

"Judge."

[2]    There is nothing to indicate that a draft of the document submitted as a bill of exceptions was served upon the appellee or his counsel, "but as no objection on this ground was taken in the court below, and as the statement is certified by the judge to be correct, it will be presumed that it was properly served, in the absence of anything in the record showing to the contrary." (*Young* v. *Rosenbaum,* 39 Cal. 646, 655; *Sullivan* v. *Wallace,* 73 Cal. 307 [14 Pac. 789].)

[3]    Respondent insists that the case must be considered here upon the judgment-roll alone, and affirmed, upon the authority of *Landers* v. *Lawler,* 84 Cal. 547 [24 Pac. 307]. It was there held that "such a paper must be authenticated in some form, either by the signature or the indorsement of the attorney, or the party, if he appears in person," to indicate by whom it was offered; that "it is no draught, unless upon its face or by proper indorsement it shows that it is one prepared and presented by a party to the cause." But respondent does not attempt to say that he was in any way prejudiced thereby, and since he has fully presented

his side of the case, no miscarriage of justice appears to have resulted from the oversight.

[4] We now proceed to consider the appeal upon its merits. One of the grounds upon which appellant claims the tax proceedings are void is that the resolution of the board of supervisors fixing the tax levy contains a declaration that a necessity exists for the levy of taxes. upon property "exclusive of property within incorporated cities," but that the levy was actually made upon all property inclusive of that within incorporated cities. It is not claimed that the levy as made was not according to law in this respect, and the mere statement of appellant's position is a complete answer to his contention. If the order fixing the levy is legal, the mere recital, of which complaint is made, is unimportant. From the entire order it is apparent that the board intended to include all property within incorporated cities in the order, and that the use of the word "exclusive" was a clerical error. But whether it be regarded as a clerical error or not, the objection is without merit.

[5] It is urged that in the delinquent assessment-roll for 1919 it appears that there is an excess charge of one cent in the amount of the five per cent penalty, it being contended that fractions of a cent should be rejected, which it seems was not done, in computing the five per cent penalty. *Hotchkiss* v. *Hansberger,* 15 Cal. App. 603 [115 Pac. 957], is cited by appellant. This case merely applied section 3731 of the Political Code to the computation of taxes, which provides that the auditor shall compute the respective sums "in dollars and cents, rejecting the fractions of a cent, to be paid as a tax on the property therein enumerated." It seems obvious that this can have no application to the computation of penalties, and in the absence of any law authorizing the rejection of fractions of a cent the auditor would have no right to make such rejection.

Another point made by appellant is that the delinquent tax notice declares that the tax collector "will sell all said real estate upon which taxes are a lien to the State of California," and it is claimed that there should have been a comma after the word "lien," and that the notice as published does not indicate to whom the property would be sold. Appellant makes no attempt to do more than state this point and does not suggest how the change suggested by him in

the punctuation could result in any advantage to the property owner or how the absence of the comma has or could have misled appellant or in any way prejudiced its rights.

Appellant contends that the proceedings are void because, it is asserted, the school district is not designated on the assessment-roll or on the delinquent tax-roll. **[6]** As heretofore stated, the assessment-roll is not in evidence, and as to it, therefore, the presumption prevails that every requirement pertaining thereto was legally observed. (Pol. Code, sec. 3786.) Assuming that the delinquent assessment-roll was properly received in evidence, which respondent disputes, it does not appear from it that any defect exists therein concerning the location of the property assessed as to designating the school district in which the property is located. **[7]** Section 1576 of the Political Code provides that "Every city or incorporated town, except cities and towns of the sixth class, unless subdivided by the legislative authority thereof, shall constitute a separate school district." The city of Pasadena is not a city of the sixth class; there is no proof that it has been subdivided into more than one school district. Hence the showing that the property involved is situated in the city of Pasadena established the presumption that it is in the Pasadena city school district. Appellant argues that if the Pasadena city school district is different from the city of Pasadena, there is no school district mentioned on the assessment, since the only designation on the assessment is "City of Pasadena," but appellant has not overcome the presumptions that the property was assessed as required by law and that it was located in the Pasadena city school district because of the representation that it is located in the city of Pasadena. To warrant appellant's position would necessitate creating a presumption that because the record is incomplete in any detail the proceedings must therefore be void; the rule is, rather, that in the absence of a showing of illegality the statutory presumption of regularity amounting to conclusive or *prima facie* evidence applies and controls.

**[8]** It is said that the advertisement was in the name of Leonide Ducommun, as was also the assessment shown under "taxpayer's name," while the deed shows the name to be Leonide Ducommen, and that this renders the sale void. Inasmuch as the original assessment-roll is not in

evidence, there is nothing to indicate that the spelling in the deed is incorrect. In addition to this it is a sufficient answer that the doctrine of *idem sonans* applies, which renders this slight variance immaterial. It is not a substitution of the name of another person, but a mistake in spelling the same name. (*Hall* v. *Rice,* 64 Cal. 443 [1 Pac. 891, 2 Pac. 889]; *People* v. *Clausen,* 120 Cal. 381 [52 Pac. 658].)

[9] Section 1764 of the Political Code requires the county superintendent of schools to furnish the board of supervisors of the county embracing his school district with an estimate of the minimum amount of the school funds to be required for the current school year; and it is further provided that the board of supervisors must annually levy and cause to be collected a tax to be known as the county school tax, the minimum rate of which shall not be less than sufficient to raise the minimum amount so estimated. It is insisted by appellant that the levy in question was much less than the minimum called for by the school superintendent, and was therefore illegal and void, but respondent argues that this procedure would result in delegating legislative powers to the county superintendent, which would render section 1764 of the Political Code unconstitutional. Appellant's complaint in this behalf appears to be that because the board did not require as great an amount in taxes from its property as might have or should have been done, it should escape from paying any taxes. Unless it can be shown that some part of the tax in question was illegally levied, the fact that an additional sum might have been required does not invalidate the assessment.

[10] The map of the subdivision in which the property here involved was situated is said to be so indefinite as to render it impossible to determine that said property was in the city of Pasadena. The delinquent tax list stated that the property was in Pasadena, and the lower court adjudged from all the evidence in the case that the property levied upon was so situated. In *Fox* v. *Townsend,* 152 Cal. 51, 58 [91 Pac. 1004], it was held that this is "a question of fact to be determined by the trial court upon such evidence as may be presented on that issue." Besides, it was the duty of the assessor to levy upon the property situated only in said city of Pasadena for the purpose of

raising funds for the schools of the Pasadena school district, and it nowhere appears that the assessor failed to perform his duty or that he levied upon any property outside the district for such purposes.

Other grounds of appeal are assigned without argument or citation of authorities which we do not deem to warrant discussion.

The decree is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1924, and the following opinion then rendered thereon:

CRAIG, J.—The petition for rehearing is denied.

One of the grounds principally relied upon by the appellant is that no sufficient description of the property designating in what school district it is located was contained in the tax proceedings, and especially that the map received in evidence is indefinite as to location of the property in question. It is true that it is nowhere indicated upon the map as to whether or not the tract represented by it is located in the city of Pasadena or in the Pasadena city school district.

In addition to what is said upon this point in the opinion filed by this court on the 29th of October, 1924, the following considerations are additional grounds upon which we conclude that the assessment was not invalid by reason of any such defect. The notice of delinquency was headed: "In Pasadena City. Delinquent Tax List." Upon this list appears the following: "Leonida Ducommun, N. R. Hooper & Bros. Sub., Lot 27 $8.00." In the case of *Pasadena School Dist.* v. *City of Pasadena,* 166 Cal. 7 [Ann. Cas. 1915B, 1039, 47 L. R. A. (N. S.) 892, 134 Pac. 985], it was held: "The Pasadena School District embraces all the territory within the limits of the City of Pasadena and a large extent of contiguous territory. The city is a municipal, the school district a *quasi* municipal, corporation; each is a political governmental agency, and both distinct corporate entities." It follows that since the delinquent tax list located lot 27

of the N. R. Hooper & Bros. subdivision as in Pasadena city, this amounts to a direct statement that said lot 27 is within the Pasadena school district.

Finlayson, P. J., and Works, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.