[Civ. No. 5505. First Appellate District, Division One.—February 9, 1928.]

JOHN GOTTSTEIN, Respondent, v. NELLIE K. HOLMES, Appellant.

Joseph S. Campbell for Appellant.

Herbert C. Kelly for Respondent.

STROTHER, J., *pro tem.*—The plaintiff became the purchaser of two lots in the city of San Diego, in 1923, at a sale by the tax collector of San Diego County of property sold to the state for delinquent taxes. This action was commenced in partition of the lots between plaintiff and his grantees of an undivided interest, and, incidentally, to quiet the title as to the defendant appealing, and other persons. Appellant Holmes answered, asserting title in herself, with a cross-complaint to quiet title. At the conclusion of the trial interlocutory judgment was entered in favor of plaintiff and the cross-defendants, from which defendant Holmes appeals.

The grounds presented by appellant in support of her contention for reversal of the judgment are errors in the assessment and other proceedings, which, it is claimed, invalidated the sale to the state and the sale to plaintiff, and title in herself by prescription.

The sale to the state was for the delinquent taxes of 1917. The assessment-roll for that year was introduced in evidence by defendant-appellant. This showed that the lots were assessed separately to the same owner, but the auditor extended the tax on the sum of their assessed valuations, the total tax being $1.59. This total he divided into two parts, one of eighty cents, the other of seventy-nine cents, and entered them in the several columns as first and second installments of the tax, respectively. It is the contention of appellant that this invalidated the assessment, and therefore made void the deed to the state. This contention cannot be sustained.

■ In the first place, the extension of the tax by the auditor is no part of the assessment of the property, and, assuming that it was improperly done, it is one of the proceedings, of the regularity of which section 3787 of the Political Code provides that the deed to the state shall be conclusive evidence. ■ But the fraction which section 3731 of the Political Code requires the auditor to drop is one resulting from the multiplication of the assessed value of the property by the tax rate. In this case there was no such fraction resulting.

■ It is also claimed by the appellant that the charge of fifty cents against each of the lots assessed by the tax collector in his sale of the property was excessive. The lots were, however, separately assessed, and section 3770 of the Political Code requires the tax collector to collect ''fifty cents on each lot, piece, or tract of land separately assessed.''

The items above mentioned appear upon the delinquent assessment-roll, and it is the contention of appellant that the sale was void because for an amount in excess of that authorized by law. As we have seen, the amounts were in exact conformity with the law.

■ It is also contended by appellant that the failure of the collector to stamp on the tax statements issued by him subsequent to the sale in 1917 the words, ''sold to the

state," with the date of the sale, invalidated the sale. This, however, is one of the things which, after the issuance of the tax deed, is conclusively presumed to have been done, under the provisions of section 3787 of the Political Code. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234 [90 Pac. 936].)

The provisions of section 3787 are, by section 3785b, expressly made applicable to deeds executed by the tax collector conveying lands sold to the state to purchasers after the five-year period of redemption. This disposes of appellant's contention that there was no showing of notice by mail of the sale to the person to whom the property was last assessed.

The final contention of appellant that she had acquired title as against the owners of the tax title, by adverse possession, requires no refutation. The statement of it is sufficient.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.