[L. A. No. 8727. In Bank.—March 30, 1929.]

JOHN GOTTSTEIN, Appellant, v. T. G. KELLY et al., Defendants; E. D. BROOKS, Jr., Respondent.

Herbert C. Kelly for Appellant.

Rolland C. Springer for Respondent.

THE COURT.—When this cause was before the district court of appeal, second district, first division, an opinion was rendered therein, written by Mr. Justice Houser, affirming a judgment decreeing as void a certain tax deed referred to therein. At about the time that this action was decided by the district court of appeal the case of *Southern California Bond & Finance Corp.* v. *Mathes,* 269 Pac. 964, was

decided by the district court of appeal of the first district. In that action a tax deed issued under proceedings substantially the same as those forming the basis of the tax deed herein involved was declared valid. These two opinions were in direct conflict with each other and for that reason said causes were transferred to this court for hearing. After considering the two opinions and the briefs of counsel filed in the two cases, we have concluded that the opinion handed down to the district court of appeal in the present action contains a correct statement of the law applicable to the questions considered therein and we adopt the same as the opinion of this court. Said opinion is as follows:

"This appeal originated in a suit brought by plaintiff against defendant Kelly and one Maud K. Messer for partition of real property. After the suit was commenced, one E. D. Brooks, Jr., with full knowledge of all the facts hereinafter set forth, acquired whatever interest said Messer owned in the property involved in the action, and thereupon was substituted as a party defendant therein. Thereafter defendant Brooks answered in the action and filed his cross-complaint therein by which he sought to quiet his title to certain of the real property described in the complaint and which formerly had been owned by the defendant Messer. Judgment was rendered in favor of defendant Brooks, and it is from such judgment that this appeal is prosecuted.

"The property involved consisted of three several lots, numbered 10, 11 and 12, in a designated tract of land. The basis of plaintiff's claim of title was a tax deed which, by the lower court, was held to be invalid.

"Concededly the question of the invalidity of the tax deed rested upon each of several contentions set forth in the brief herein, the first of which being that the statute (sec. 3770, Pol. Code) authorized the inclusion in the collection of delinquent taxes of an advertising charge of fifty cents for 'each lot, piece, or tract of land separately assessed, . . . '; and consequently, in view of the fact that the advertising charge herein was for three separate parcels at fifty cents each, making a total charge therefor of $1.50, a tax, with its incidents, had been imposed which was unauthorized by law, with the alleged result that a sale of the property for

the amount of the original tax assessment, plus penalties and the advertising costs as charged, was illegal and carried with it no title to the purchaser.

"In substance, the form of the assessment was that the name of the owner of the property appeared but once. Thereafter followed the name of the tract or subdivision in which the property was located, the correct number of each of the lots, to-wit, 10, 11 and 12 (each on a separate line), together with the valuation of each of them—all of which would appear to be in accordance with the provisions of section 3650 of the Political Code relating to the requirements of an assessment. With the exception that no direct ruling is made with reference to the feature that as to *each* of the lots the name of the owner must be repeated on the assessment book, in each of the following authorities, substantially it is held that the assessment herein was in conformity with the requirements of the statute: *Wells, Fargo & Co.* v. *Board of Equalization,* 56 Cal. 194, 205; *Emeric* v. *Alvarado,* 64 Cal. 529, 605 [2 Pac. 418]; *Allen* v. *McKay & Co.,* 120 Cal. 332, 334 [52 Pac. 828]; *Hall* v. *Park Bank of Los Angeles,* 165 Cal. 356, 358 [132 Pac. 452]; *People's Water Co.* v. *Boromeo,* 31 Cal. App. 270, 272 [160 Pac. 574]; *Gottstein* v. *Holmes,* 89 Cal. App. 145 [264 Pac. 310].

"An examination of the record in the case last cited discloses the fact that the form of the assessment was identical with that in the instant case; and it was there held that on the occurrence of the delinquency in the payment of the tax an advertising charge of fifty cents on each lot was 'in exact conformity with the law.' So far as concerns the question of the necessity for the name of the owner of the property to be repeated on the assessment book so that it shall appear opposite each lot assessed, where, as in the assessment herein, from its form no one could have been misled as to the name of the person purporting to be the owner of each of the several lots, we think that a substantial, if not a literal, compliance with the terms of the statute was shown to exist.

"The next alleged infirmity in the tax deed is that the sale was made for a greater amount of money than was legally due. By one form of computation, the sum for which the property was sold was. the exact amount due thereon. By other methods of computation, dependent upon

the recognition of fractions of a cent in the tax and the penalties, the difference between the amount for which the property was sold and the amount shown by such computation as actually due, varied from two-tenths of a cent to as much as three cents.

"It is argued by respondent that, following the provisions of section 3731 of the Political Code, 'fractions of a cent' must be rejected. On the other hand, appellant contends that by the plain terms of the statute the rejection of 'fractions of a cent' applies to the computation of the *tax* only, and has no reference to computation of the penalties for delinquencies (*Bell* v. *Fee Title Co.,* 69 Cal. App. 437 [231 Pac. 598]; and that as so construed the amount for which the property was sold showed no variation from the correct computation of the amount which was legally due. On making the computation in accordance with the rule as announced in the case of *Bell* v. *Fee Title Co.,* 69 Cal. App. 437 [231 Pac. 598]; it appears that at most the overcharge, if any, was less than one cent. In such circumstances, at least by the great weight of authority, the defect was of no consequence so far as the validity of the ensuing tax deed was concerned. (*Jacoby* v. *Wolff,* 198 Cal. 667 [247 Pac. 195]; *Treadwell* v. *Patterson,* 51 Cal. 637.)

██   "One of the reasons assigned for upholding the judgment herein is that the notice of sale to the state of the property affected by the judgment was defective. By the provisions of section 3764 of the Political Code, in force at the time the notice of sale was given (Stats. 1913, p. 556), the tax collector was required to 'publish the delinquent list, which must contain the names of the persons and a *description* of the property delinquent, and the amount of taxes, penalties, and costs due, *opposite* each name and *description,* . . . ' In this action, respondent's contention is that while the notice contained a description of each of the lots 10, 11 and 12 of the described tract, the 'taxes, penalties, and costs due' did not appear opposite each description as prescribed by the statute; that while the language of the statute calls for 'taxes, penalties, and costs' applicable to each lot, the notice deviated therefrom, first, in that it recited the 'taxes, *percentage,* and costs'; and, secondly, that, instead of the property, 'taxes, penalties, and costs' being set 'opposite' and made applicable to each lot

as required by the statute, they were lumped together into one gross sum for *all* the lots.

"At the time the notice of sale herein was published a further requirement of section 3764 of the Political Code, then in force, was that the delinquent list should contain the 'taxes due on personal property, the delinquent state poll, road, and hospital tax, the taxes due each school, road, or other lesser taxation district added to the taxes on real estate . . . ' It appears that, as affecting the property here involved, a tax of seventy-one cents on the $100 of valuation was levied for the school district. With reference to the meaning of the phrase appearing in the statute, 'added to the taxes on real estate,' it was held in *California Loan etc. Co.* v. *Weis,* 118 Cal. 489, 496 [50 Pac. 697, 700], that 'the word "added" as here used does not contemplate a mathematical computation. It is employed in the sense of subjoined or appended, . . . '

"In the case of *Cordano* v. *Kelsey,* 28 Cal. App. 9, 19 [151 Pac. 391, 396], among other things, it is held that in a notice of sale for delinquent taxes it is necessary that the amount of penalties and costs be separately stated; and that (citing *Campbell* v. *Canty,* 12 Cal. App. Dec. 373; for opinion on rehearing by supreme court, see 162 Cal. 382 [123 Pac. 266], and quoting sections 205–207 of Black on Tax Titles), 'the giving of notice in the manner and form prescribed by the statute is an essential jurisdictional fact'; also, that 'not only is the giving of notice of the sale essential, but it must be such notice as the statute prescribes.'

"Assuming the correctness of the conclusion hereinbefore stated to the effect that each lot was separately described and assessed, and reasoning from the rule announced in the case of *California Loan etc. Co.* v. *Weis,* 118 Cal. 489, 496 [50 Pac. 697], as well as from the case of *Cordano* v. *Kelsey,* 28 Cal. App. 9, 19 [151 Pac. 391, 398], it becomes apparent that the construction which should be placed on the statutory requirement that the amount of 'taxes, penalties, and costs due' should be placed 'opposite each name and description,' is that opposite each *description* all 'taxes, penalties, and costs' applicable thereto should be placed, rather than that where, as in the instant case, there are several pieces of property separately assessed and described, the total amount due thereon on account of the several charges of 'taxes,

penalties, and costs' should be added together and stated in one aggregate amount. But, as in substance is said in the case of *Cordona* v. *Kelsey*, 28 Cal. App. 9, 19 [151 Pac. 391, 398], while it is true that in the form the notice was given it was possible for the owner of the three lots in question to have ascertained or computed the amount of each of the several items affecting any one lot, the law did not place that burden upon him, but rather enjoined that duty upon others as a jurisdictional prerequisite to the validity of a tax deed dependent upon precedent proceedings. However, the last preceding statement, as affecting the facts in the instant case, requires notation of the additional fact, that while the notice as published, contained the statement that unless delinquent taxes for the year ending June 30, 1917, with all penalties and costs due thereon, were paid on or before a specified date the assessed property would be sold to the state—so far as the property herein involved was concerned, and which by the terms of the notice was not to be sold to the state, but 'to the highest bidder for cash,' the notice contained no reference to 'penalties,' but instead thereof the column-heading in the delinquent list contained the unauthorized item of 'percentage.'

''As thus phrased or framed, the owner had no notice that any *penalties* were included in the sum total fixed as affecting all the lots combined. Nor did he occupy a positive situation in either his assumed or his actual knowledge of what was meant by 'percentage.' Obviously, such an expression might cover any number of different charges at an arbitrary rate or valuation, whether authorized by statute or not; and therefore the owner would be unable to do more than conjecture either as to what item or what amount was included in the 'percentage' or what part or portion of the total charge was included therein. In the case of *Bussenius* v. *Warden*, 71 Cal. App. 717, 722 [236 Pac. 371], it was held that the requirement of section 3764 of the Political Code, as amended in 1913 (Stats. 1913, p. 556), that the delinquent list to be published by the tax collector must contain the names of the persons and a description of the property delinquent, and 'the amount of taxes, penalties, and costs due,' is not complied with where the tax list sets forth the amount due as taxes and costs, but fails to set forth the amount due for penalties; and that a subsequent

tax deed predicated upon such defective notice is void. To the same effect is *Snodgrass* v. *Errengy* (*Bell*), 86 Cal. App. 664 [261 Pac. 497]. The word 'penalty' is not synonymous with the word 'percentage'; from which it would follow that if the principle announced in the last two cited cases is correct, the notice of sale was insufficient; with the ultimate result that the deed upon which appellant relies was of no validity and conveyed no title to him.

■ "Since plaintiff was legally possessed of no title to the property in question, he is in no position to complain of the relief which was granted to defendant in quieting his title thereto. In the case of *Canty* v. *Staley*, 162 Cal. 379 [123 Pac. 252, 255], may be found the statement that 'parties who purchase property at tax sales acquire the title to the property if all the proceedings for the levy of the taxes and the sale are regular and in strict conformity to law; but, if not so, they acquire no rights to the property which either a court of law or equity can enforce' (citing authorities).

"It becomes unnecessary to devote attention to other suggestions interposed by respondent as reasons for the affirmance of the judgment."

The judgment is affirmed.

Rehearing denied.

All the Justices concurred.