[L. A. No. 8994. In Bank.—March 30, 1929.]

SOUTHERN CALIFORNIA BOND AND FINANCE CORPORATION (a Corporation), Appellant, v. JAMES H. MATHES, Respondent.

Benjamin Kirby and Herbert C. Kelly for Appellant.

Rolland C. Springer, Hamilton & Lindley, and Hamilton, Lindley & Higgins for Respondent.

CURTIS, J.—This action was brought to quiet title to two city lots situated in the city of San Diego. The plaintiff was the record owner thereof and the defendant relied upon a tax deed issued to him by the tax collector of the county of San Diego. The proceedings, which form the basis for the issuance of the tax deed to the two lots involved herein, were substantially the same or similar to those which were held to be invalid in an opinion this day rendered and filed in the case of *Gottstein* v. *Kelly* (L. A. No. 8727), *ante*, p. 742 [276 Pac. 347]. In one respect the facts in the Gottstein case differ from those in the present action. In that case, in the notice of sale, the words "Taxes, percentage and costs" were inserted in place of the words "Taxes, penalties and costs," as provided by the statute. No such defect in the notice of sale in the present action was shown to have existed. Therefore, what was said in

the Gottstein case upon that phase of the case, would, of course, not be applicable to the present action. The other points, however, considered in that case are precisely the same as those relied upon by the respondent in this action, and were decided adversely to respondent's contentions.

The respondent in the present action, however, makes the additional claim in support of the judgment sustaining his tax deed, that the plaintiff's assignor, who was the owner of the lots at the time they were sold for delinquent taxes, waived all right to object to said tax sale. The facts and circumstances under which this claim of waiver is made are briefly these: L. S. Everts was the owner of said lots at the time they were assessed for taxes in 1918, and he continued to be such owner until after said lots were sold for taxes in 1924. Within the statutory time prior to said tax sale, Everts received by registered mail from Herbert S. Croghan, the tax collector of said county, a copy of the printed notice of sale required to be given by the tax collector pursuant to the provisions of section 3771 (2) of the Political Code, and on receipt thereof he mailed to said tax collector a reply written on the reverse side of said notice, as follows:

"Mr. Herbert Croghan.

"Dear Herb: Thanks for the notice. When I charged these lots off my books several years ago I did so because I did not feel that they were worth the extra cost to me for paving, grading, etc., etc., and I still feel the same way about it. Here's hoping that the party who gets them has a rabbit's foot.

"Sincerely,

"LESLIE EVERTS."

This letter was received by the tax collector on the ninth day of June, 1924. The sale was made on June 30, 1924. The deed from the tax collector to respondent was dated and recorded on July 10, 1924, and on the seventeenth day of July, 1924, Everts and wife, by quitclaim deed, conveyed said lots to the appellant, which deed constitutes appellant's ground of title. The trial court based its decision sustaining the tax deed largely upon the ground that by his conduct Everts had waived his right to object to any irregularity in the proceedings leading up to the execution of the tax deed. No direct authority was cited by the trial court

in support of its ruling holding that Everts had waived his rights to question the legality of the tax proceedings under which his property was sold to respondent. Nor has respondent in any of his briefs or other argument presented either to the district court of appeal or to this court, been able to cite any authority bearing directly upon this question of waiver. We are confident that none can be found and that the law upon this subject is not as contended for by the respondent. ▮ This question is discussed in Blackwell on Tax Title, fourth edition, page 513, in the following manner: "It may be laid down as a general rule of law, that where an irregularity—of such a character as to affect the power of the officer to sell—takes place in any part of the proceedings, and the owner of the land, being aware of the fact, is silent, and takes no steps to prevent the sale but permits it to proceed, or even actually consents to waive the irregularity, a sale under such circumstances will not be recognized in a court of law. The officer derives his authority from the law, and not from the owner. He must obey the law, and not the orders of a private individual."

In Cooley on Taxation, we find the following positive declaration upon the subject: "Consent of the owner of land to a defective publication of notice, it has been held, would not bind him, as he cannot, in that manner, confer an authority upon an officer of the law, nor can he pass a title to his freehold by mere waiver." (3 Cooley on Taxation, 4th ed., sec. 1412, p. 2798; see, also, upon the same subject, *Scales* v. *Alvis*, 12 Ala. 617, 620 [46 Am. Dec. 269]; Blackwell on Tax Titles, 5th ed., sec. 138, at p. 130, and sec. 451, at p. 409.)

Upon the authority of the case of *Gottstein* v. *Kelly, supra,* the judgment in the present action is hereby reversed.

Richards, J., Langdon, J., Seawell, J., Shenk, J., Waste, C. J., and Preston, J., concurred.

Rehearing denied.

All the Justices concurred.