[Civ. No. 46. Fourth Appellate District.—September 29, 1930.]

SYLVESTER KIPP, Appellant, v. LAURA C. DANIELSON, Respondent.

Virgil S. Kipp for Appellant.

Lon A. Brooks and Turrentine & Wright for Respondent.

THE COURT.—This is an action to quiet title to lots 39 and 40 in block 42 of University Heights, in the city of San Diego, county of San Diego, state of California. The complaint of appellant is in the usual form and alleges title in himself. The answer of respondent denies title in the appellant and alleges title in herself. Appellant deraigns his title through an assessment of the property made by the county assessor of the county of San Diego, in the year 1917, and delinquent tax sale of the property under which it was sold to the state on June 25, 1918. It is admitted that the appellant has no title to the property unless he acquired it under the assessment and the following tax sale.

The record before us shows that on the assessment-roll the two lots were listed separately after the name of an owner, each lot being given a separate valuation. Thereafter, the valuations were added together and the assess-

ment carried out to one total. This form of assessment has been approved in the case of *Gottstein* v. *Holmes,* 89 Cal. App. 145 [264 Pac. 310], which involved a similar assessment in San Diego County for the same year. It further appears from the record that on the delinquent list for the same year this property was assessed to its owner, whose name appears but once on the assessment. In the next two columns of this delinquent list follows the description of the two parcels of property, described separately. Following in the next column is the valuation of each lot, separately stated. Thereafter, the total valuation of the two lots, the total taxes, the total penalties and the advertising costs are added together and consolidated and carried forward as a single item under each head. The total tax and penalties, for which the two lots were to be sold, appears on this list as the sum of $5.76.

In the notice of sale of the property each lot is separately described, but the taxes, penalties and costs due do not appear opposite each description but were consolidated into a single amount, $5.77, for which sum the property was sold to the state. In an addenda it appears that the property was finally sold to appellant for $5.76. It would appear that this difference of one cent arose from the dropping of fractions of cents in the computation of the penalties. In the case of *Gottstein* v. *Kelly,* 206 Cal. 742 [276 Pac. 347], it was held that such a variance in the amounts was immaterial and would not defeat the validity of the ensuing tax deed.

However, under authority of the same case, we must hold that the sale is void because neither the delinquent list nor the notice had the amounts of the taxes, penalties and costs due, appearing opposite the description of each parcel of the land to be sold. In this case, it was held as follows:

" 'One of the reasons assigned for upholding the judgment herein is that the notice of sale to the state of the property affected by the judgment was defective. By the provisions of section 3764 of the Political Code, in force at the time the notice of sale was given (Stats. 1913, p. 556), the tax collector was required to "publish the delinquent list which must contain the names of the persons and a *description* of the property delinquent, and the amount of

taxes, penalties, and costs due, *opposite* each name and *description.*" . . .

" 'At the time the notice of sale herein was published a further requirement of section 3764 of the Political Code, then in force, was that the delinquent list should contain the "taxes due on personal property, the delinquent state poll, road, and hospital tax, the taxes due each school, road, or other lesser taxation district added to the taxes on real estate. . . . " It appears that, as affecting the property here involved, a tax of seventy-one cents on the $100 of valuation was levied for the school district. With reference to the meaning of the phrase appearing in the statute, "Added to the taxes on real estate", it was held in *California Loan etc. Co.* v. *Weis,* 118 Cal. 489, 496 [50 Pac. 697, 700], that "the word 'added' as here used does not contemplate a mathematical computation. It is employed in the sense of subjoined or appended, . . . "

" 'In the case of *Cordano* v. *Kelsey,* 28 Cal. App. 9, 19 [151 Pac. 391, 398], among other things it is held that·in a notice of sale for delinquent taxes it is necessary that the amount of penalties and costs be separately stated; and that (citing *Campbell* v. *Canty,* 12 Cal. App. Dec. 373,* and quoting sections 205–207 of Black on Tax Titles), "the giving of notice in the manner and form prescribed by the statute is an essential jurisdictional fact"; also, that "not only is the giving of notice of the sale essential, but it must be such notice as the statute prescribes."

" 'Assuming the correctness of the conclusion hereinbefore stated to the effect that each lot was separately described and assessed, and reasoning from the rule announced in the case of *California Loan etc. Co.* v. *Weis,* 118 Cal. 489, 496 [50 Pac. 697], as well as from the case of *Cordano* v. *Kelsey,* 28 Cal. App. 9, 19 [151 Pac. 391, 398], it becomes apparent that the construction which should be placed on the statutory requirement that the amount of "taxes, penalties, and costs due" should be placed "opposite each name and description", is that opposite each *description* all "taxes, penalties, and costs" applicable thereto should be placed, rather than that where, as in the instant case, there are several pieces of property separately assessed and described, the total amount due thereon on account of the

---

*See hearing by Supreme Court, 162 Cal. 382 [123 Pac. 266].

several charges of "taxes, penalties, and costs" should be added together and stated in one aggregate amount.' "

As the proceedings leading up to the sale were fatally defective, no title was conveyed to the state of California, and it had no title to convey to appellant. As his purported title was dependent entirely upon a void tax deed, no title vested in him.

Judgment affirmed.