[Civ. No. 1432.   Third Appellate District.—November 27, 1915.]

P. J. O'REILLY, Respondent, v. ALL PERSONS, etc., Defendants; JOSEPHINE E. HOPKINS et al., Appellants.

TAXATION—INVALID SALE—REIMBURSEMENT OF PURCHASER—AMOUNT OF TAXES AND COSTS.—A purchaser of lands at a delinquent tax sale is not entitled, upon the sale being declared invalid, to have paid to him by the owner the excess of the sum paid for the lands over and above the taxes, interest, penalties, and costs which were chargeable upon the lands at the time of the sale.

ID.—OBJECT OF SALE.—The primary object of the state in selling the land is to recover the taxes, penalties, costs, etc., and whoever pays more than the amount thereof does so as a volunteer, and at the risk of the proceedings being found invalid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, for Appellants.

Frank J. Hennessy, for Respondent.

BURNETT, J.—The action was brought under the McEnerney Act to establish title to two parcels of land.   Appel-

29 Cal. App.—4

lants in their answer denied that plaintiff was the owner or in the actual possession of parcel A of the said real estate, and averred that they are and were at the beginning of the action, and had been long prior thereto, the owners of said parcel in fee simple absolute as tenants in common and in the possession thereof, and prayed that plaintiff take nothing as to said parcel, but they did not ask for affirmative relief. No question was raised as to plaintiff's ownership of the other parcel, and it is not involved in this appeal.

At the trial it developed that plaintiff claimed said parcel A under a tax title, and it was admitted that if said tax title was invalid, then appellants were the owners of said tract as claimed in their answer. The court found that the said defendants were at the time of the said tax sale, and ever since have been, the owners in fee simple absolute of said real property, and, further, that the said tax sale and the said tax deed executed pursuant to said sale and purporting to convey said property were and are invalid. These findings have not been questioned, the plaintiff not having moved for a new trial or appealed. The court further found, however: "That the said plaintiff purchased said property from the state of California at a tax sale held on the seventh day of February, 1912, and paid for said property at said sale the sum of $740 in gold coin of the United States of America, and that said plaintiff has since said tax sale aforesaid, expended the sum of $15.43 in the payment of taxes regularly levied upon said property," and the court thereupon decreed that plaintiff have judgment against said defendants for the sum of $740 and interest, the further sum of $15.43, and that said judgment be a lien upon said parcel of real property, and that said defendants be directed to pay the same within sixty days, and in the event of their failure so to do, that plaintiff be entitled to have a writ of execution to enforce the same, and that until said payment be made, the judgment in favor of defendants be of no force and effect.

The court did not find the amount of the taxes, penalties, interest, and costs which were chargeable upon said lands at the time of the said tax sale, but it was conceded at the trial that the amount of the same was $45.82.

Appellants appeal from the portion of said judgment requiring of them the payment of the said purchase price of said parcel of land, and they state in their brief that "The

substantial dispute between respondent and appellants is whether plaintiff is entitled to the excess of the sum bid and paid by him over and above the taxes, interest, penalties, and costs justly chargeable upon the lands at the time of the invalid tax sale, and that is the sole question presented by this appeal.''

That question, it may be said, has been settled by a decision of this court, a petition for hearing in the supreme court being denied, and it is sufficient to quote the following from *Cordano* v. *Kelsey,* 28 Cal. App. 9, [151 Pac. 391] : ''We do not think that the owner should be required to pay whatever competitive bidders may choose to offer for the land in addition to what the law makes it the duty of the owner to pay. The primary object of the state in selling the land is to recover the taxes, penalties, costs, etc., and this is indicated by the requirement of the law that the land must be sold for an amount not less than these enumerated charges. Whoever pays more at the sale does so as a volunteer, and at the risk of the proceedings being found invalid. The rule contended for by appellants would relieve the purchaser of all risk, and make it possible for him to invest his money safely by purchase at tax sales at seven per cent interest, regardless of any infirmity in his title and regardless of the amount he might bid for the property. This, we think, would crowd the rule off from equitable foundations.''

The only remaining question is whether, upon the record as presented here, this court can direct a modification of the judgment so as to require appellants to pay to plaintiff only the amount chargeable for taxes, penalties, and costs.

. Strictly speaking, no such issue was presented by the pleadings, each of the parties claiming the absolute title. The finding, therefore, as to the $740 was beyond the scope of the pleadings, but we find from the record brought up that evidence as to such payment and also as to the amount actually paid for taxes, penalties, and costs was received without objection, and, indeed, there is no controversy as to said amounts. Hence it could properly be said that the trial was had upon the theory that such consideration was involved in the issues submitted for decision, and neither party at this time could justly disclaim it.

There is no finding, though, as to the amount paid for taxes prior to said sale, and to pursue the course suggested

by appellants would be for us to make a finding for the trial court, which, of course, would be a departure from a well-established rule. It is probably true that if we should direct a modification as requested by appellants, it would be without prejudice, as was the case in *Campbell* v. *Canty*, 162 Cal. 382, [123 Pac. 266].

However, the more orderly course, we think, and one no more burdensome, would be to direct the lower court to make the additional finding in the usual manner. Indeed, appellants recognized the propriety of such action in their motion for a new trial.

It is therefore ordered that the judgment be vacated and the order denying the motion for a new trial be reversed, and the cause is remanded for a new trial as to one issue alone—that is, the amount paid by respondent for taxes, penalties, and costs, and upon the determination and finding of said amount, with interest, it is ordered that judgment be entered requiring appellants to pay said amount, and that upon the payment of said amount, their title to said parcel of real property be established and quieted.

Chipman, P. J., and Hart, J., concurred.