[S. F. No. 14625. In Bank.—January 12, 1933.]

E. RISSO, Appellant, v. SAMUEL R. CROOKS et al., Respondents.

Thomas T. Califro and Stanley H. Rich for Appellant.

Marcus D. Wolff for Respondents.

PRESTON, J.—Action to quiet title commenced in 1923 but not tried until January, 1931. The title alleged by

plaintiff was based upon a purported tax deed and an attempted showing of adverse possession. Defendant Stone Company, hereinafter denominated defendant and respondent, answered asserting fee simple absolute title to the property. The court found that the purported tax deed was void; that adverse possession was not established but that plaintiff was entitled to be reimbursed by defendant for the sum of $2,411.80, which he had paid out in taxes and interest on the property. Judgment followed, decreeing that upon payment of said sum defendant's claim to said property should be quieted and plaintiff should be forever enjoined from asserting any right adverse thereto. Plaintiff appealed.

The appeal is without merit. The record shows only clear and undisputed facts in support of the judgment. The property was originally sold to the state in 1908, but no deed was made to the state as required by statutes then in force. (Stats. 1895, p. 327 et seq.; Stats. 1909, p. 921.) Instead, the tax collector followed the procedure prescribed by the amendments of 1913 (Stats. 1913, p. 557), and on July 7, 1914, issued to appellant a purported tax deed covering sale of the property for delinquent taxes thereon for the year 1909. This tax deed was void as the law existing at the time of the sale first above mentioned controls the period of redemption. (*Johnson* v. *Taylor*, 150 Cal. 201, 205 [88 Pac. 903, 119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818].) This authority is cited in *Biaggi* v. *Ramont*, 189 Cal. 675, 679 [209 Pac. 892], a case directly in point, to which reference is made for a fuller discussion of the subject. This holding was not impaired by the later case of *Jacoby* v. *Wolff*, 198 Cal. 667 [247 Pac. 195], as that case involved an assessment sale and other proceedings, all occurring subsequent to the act of 1913, which set up an alternative method of disposing of property delinquent for taxes for five years.

Considering the purported tax deed in connection with other evidence offered to support appellant's claim of adverse possession under color of title, we likewise find the conclusion of the court below to be correct. The property consisted of some sixteen acres of tide-lands. Appellant stated that he visited it once in November, 1918, and walked on it alone; that he next went on it in July, 1923, and

stayed four hours, during which time he fenced the property, driving posts from fifty to seventy-five feet apart and placing two wires around them; that he again visited the place in 1926 and found no trace of the fence, although some surveyor's stakes remained. This testimony was evidently given with a view to invoking subdivision 2 of section 323 of the Code of Civil Procedure, defining adverse possession under written instrument where the property "has been protected by a substantial inclosure". But even if we could credit appellant's statement that in four hours he and a surveyor located boundaries and fenced over sixteen acres of ground, nevertheless this attempted and apparently insubstantial inclosure came too late because the original complaint in this action and respondent's answer thereto were filed in 1923, thus putting the title, as between these parties, in issue, and precluding appellant thereafter from claiming an adverse possession against respondent.

Appellant objects that the judgment renders respondent affirmative relief in decreeing that its title "is hereby quieted as against said plaintiff. . . . " Appellant urges that the court had power to decide that he was not the owner of the land but that it had no power to render an affirmative judgment establishing the title of a defendant whose answer contained none of the elements of a cross-complaint and no prayer for affirmative relief (*Hungarian etc. Co.* v. *Moses,* 58 Cal. 168). It is true that the answer set up only a claim of fee-simple title to the property, but the record shows that the purpose of the court in adding the clause in question at the close of the judgment was to benefit appellant in securing the award to him of the money which he had expended for taxes on the property. To this course appellant raised no objection and obviously he has suffered no prejudice in any of his substantial rights; hence, the insertion in the judgment, if erroneous, was no more than mere surplusage. (*Warden* v. *Stoll,* 210 Cal. 374 [291 Pac. 835].)

The judgment is affirmed.

Tyler, J., *pro tem.,* Waste, C. J., Curtis, J., Langdon, J., Shenk, J., and Seawell, J., concurred.