[S. F. No. 15304. In Bank.—September 30, 1935.]

A. D. CLAYTON, Plaintiff; PHINEAS D. CLAYTON, Plaintiff in Intervention and Appellant, v. WILLIAM A. SCHULTZ, Jr., et al., Respondents.

J. E. White and Abraham Setzer for Appellant.

Thomas T. Califro and Marcus D. Wolff for Respondents.

THE COURT.—Action to quiet title to certain real property located on Sacramento Street, San Francisco. The issues as finally joined resolved the case into a contest between the plaintiff in intervention, claiming title to the property by virtue of a delinquent tax sale and tax deed, and defendants Schultz and the Fischers and their successor, Alma Investment Company, claiming continued ownership of the property and invalidity of the tax sale proceedings. Plaintiff in intervention, Phineas D. Clayton, produced a certified copy of judgment rendered in an action between the purchaser at the tax sale, who was his brother, plaintiff A. D. Clayton, and himself, wherein it was adjudicated that said purchase was made with his money and the property was held in trust for him by said brother and was his property. The word "plaintiff" will be used herein to refer to said plaintiff in intervention in the same manner as though he himself had been the purchaser at the tax sale.

Plaintiff introduced in evidence the deed issued by the San Francisco tax collector on July 1, 1932, which recited sale of the property "for nonpayment of delinquent taxes which had been legally levied in said year 1926, and were a lien on said

real property, the total amount for which the same was sold being $133.00; and whereas all taxes levied and assessed against said property prior to the year 1931 have been paid and discharged . . . '' Plaintiff took possession of the property subsequent to issuance of this deed and thereafter received the rentals therefrom.

Defendants introduced evidence intended to show their unbroken chain of title to and ownership of the property. They asserted that the procedure followed on notice and sale for delinquent taxes failed to satisfy statutory requirements and that the tax deed on its face was void. In this connection they introduced in evidence the following entry from the delinquent tax list for the year 1931 and notice of sale contained therein:

"Schultz, Wm. A., Jr. Lot No. 13 and Improvements ........................................ 143.15 To be sold at public auction on June 30, 1932. See sale No. 1 in Addenda to this list.''

Also the notice of sale as contained in said addenda to the 1931 delinquent tax list which recited, among other things, that the property would be sold commencing June 30, 1932, at 11 A. M., in the office of the San Francisco tax collector, and that "No bid for said property will be accepted for less than the amount of all taxes, penalties and costs due on said property for the year the same was sold to the State, which minimum amounts are set forth opposite the description of each of said properties. In order to entitle the successful bidder to a deed of the property purchased he must, in addition to the price paid pursuant to his bid at such sale, within thirty (30) days pay by redemption any and all further delinquent taxes and assessments against said property, together with all penalties, costs, interest and charges accrued thereon. . . . ''

Underneath, in large type, appeared the heading: "Delinquent Taxes of 1926''; under the column "sale No.'', appeared the figure "1''; under the column "name and description'' appeared "Wm. A. Schultz, Jr. The lot of land No. 13 in Block No. 1007 and Improvements. Both installments. Sale No. 246''; under the title "Least amount that may be bid'' appeared the figures "132–67''.

Defendants also produced the following entry from the delinquent tax list for the year 1926–27: "Block 1007

Schultz, Wm. A., Jr. Lot No. 13 and Improvements . . . 132–67''.

Upon the evidence, practically all of which is above set forth, the court made findings for defendants and against plaintiff. The vital findings were to the effect that in the proceedings leading up to the sale and in making the sale neither assessor nor tax collector complied with the provisions of the Political Code; hence the purchaser acquired no interest in said property by virtue of said sale and tax deed, both being null and void. Judgment followed decreeing defendant Alma Investment Company to be the owner of and entitled to possession of said property. Thereafter, upon the hearing of plaintiff's motion for new trial, the court made its ''Order, Adding to findings of fact and conclusions of law, modifying judgment and denying motion for new trial''. This document recited that there had been a failure to find the amount of money expended by the purchaser in connection with said tax sale and to provide for his reimbursement, wherefore the court found that said purchaser had expended $133, for which sum defendants must reimburse plaintiff as a condition to entitle them to the decree annulling said tax deed. Immediately thereafter defendants tendered said sum of $133 and, upon order of the court, deposited it with the clerk to plaintiff's credit. Plaintiff appealed from the judgment and from said order of amendment, modification, and denial of new trial, made after judgment.

Appellant contends that the findings are obviously insufficient to support the judgment in that they consist only of conclusions of law. In other words, that the court merely concluded that statutory requirements had not been fulfilled without finding, as a basis of fact for such conclusion, what the noncompliance with statute was or in what manner the tax proceedings were defective. We would not accord weight to this claim if it were true, as contended by respondents, that the evidence relating to the tax sale revealed on its face that the proceedings were defective but, so far as the record discloses, we can ascertain no basis for concluding that there was a noncompliance with statutory requirements.

 The property was assessed in 1926 in the name of Wm. A. Schultz, Jr. Respondents claim that this assessment was irregular as at said time said defendant was only the holder of a life estate, defendant Elvira Fischer being the

owner of the remainder interest in said property. Assuming for purposes of this discussion that such ownership was sufficiently established, the fact that the assessment was not made in the name of the remainderman as well as in the name of the holder of the life estate, did not render it invalid or irregular (sec. 3628, Pol. Code, Stats. 1925, p. 13; sec. 840, Civ. Code).

There are two methods of selling and transferring real property for nonpayment of taxes subsequent to expiration of the period of redemption. The one which was here followed is provided for mainly by sections 3764, 3771a and 3785b of the Political Code, being a sale in the ordinary course, by which the purchaser is required to bid sufficient to pay the original tax, with penalties and costs, plus whatever amount is necessary to make him the highest bidder, and by which he secures a right to redeem the property upon payment of taxes subsequently assessed, whereupon, if he redeems, a conveyance may be made to him without the formality of making a deed to the state in the first instance. (24 Cal. Jur., pp. 344, 345, sec. 321.)

The deed before us, on its face, is not subject to criticism. It follows in identical language the form prescribed by section 3785b of the Political Code. It shows that the purchaser paid for the property $133, a sum in excess of the lowest bid acceptable under the notice ($132.67 to cover 1926 delinquent taxes, penalties and costs), and also redeemed thereafter by paying all other taxes levied and assessed against said property prior to the year 1931 (see sec. 3764, giving purchaser a 30-day period of redemption within which to make this latter payment).

There is no merit in respondents' claim that the notice of sale was fatally defective in failing to separately state the items of "taxes, penalties and costs", as required prior to 1929—this on the theory that the applicable law is the law as it stood in 1926 which controls the period of redemption. (*Risso* v. *Crooks*, 217 Cal. 219, 220 [17 Pac. (2d) 1001]; *Teralta Land etc. Co.* v. *Shaffer*, 116 Cal. 518 [48 Pac. 613, 58 Am. St. Rep. 194].) It is true that prior to 1929, following decision in the case of *Gottstein* v. *Kelly*, 206 Cal. 742 [276 Pac. 347], the possible construction to be placed upon the provisions of sections 3747 and 3764 of the Political Code was that taxes, penalties, and costs should be separately shown

on the publication of delinquent lists and notices of sale under sections 3771 and 3771a. In that year, however, the legislature amended these provisions by requiring that the delinquent list show only "an amount equal to the total amount of all taxes, assessments, penalties, and costs due" (sec. 3764), and in passing the amendatory act (Stats. 1929, p. 742), specifically declared that the amendments were "not a change in, but a statement and declaratory of the law as the legislature intended it to be by the terms of those sections prior to" the amendment (sec. 4). Section 4 further provided: "All publications of delinquent lists or notices of sale under sections 3771 and 3771a of the Political Code failing to enter taxes, penalties and costs as separate entries but entering the foregoing amounts in one total sum and all sales . . . tax deeds . . . based upon such entries . . . are hereby confirmed, validated and legalized. . . . " By section 5 the amendment was declared to be an urgency measure. Furthermore, in an explanatory note, the legislature stated the necessity for the amendment, due to said decision in the Gottstein case, *supra,* because the tax collectors of the state had completed preparatory work on the publication of the delinquent list to be published on or before June 8, 1929, and great expense would be involved in changing it to state separately said items, with possibility of error and jeopardizing of many tax titles acquired at tax sales.

■ Respondents contend that so much of the 1929 amendment as is declaratory of the meaning of the said statutes, with intent to give them a retrospective operation, is unconstitutional. In view of the nature and purpose of the amendment, so far as here applicable, we see no reason to declare it unconstitutional. ■ While a declaratory statute cannot bind the courts with respect to application of the original statute to transactions which occurred or rights of action which accrued prior to passage of the declaratory act, yet, in the absence of intervening rights, an act declaratory of a former one has the same effect as if embodied in the original act at the time of its passage. (12 C. J., p. 811, sec. 247.)

No error appears by reason of the entry of the item of $143.15 on the 1931 delinquent tax list. The property was sold for delinquent taxes for the year 1926, penalties and costs, covered by the payment of $133 and within thirty days thereafter the purchaser redeemed by making an additional

payment sufficient to cover sums subsequently assessed. The record fails to reveal the items making up this redemption payment but the sum of $143.15 was apparently due for the year 1931–32.

■ Respondents, in a brief written in reply to appellant's reply brief, for the first time asserted numerous other alleged defects in the proceedings, to wit: that the tax collector did not append and publish with the delinquent list the notice provided by section 3765 of the Political Code, did not comply with section 3767, or publish notice pursuant to section 3746, etc. Insufficiency of the record precludes consideration of these claims. While the entire delinquent tax lists for 1926 and 1932 were apparently admitted in evidence, only portions thereof were copied into the transcript. We are furnished with no complete record of the tax sale proceedings. In the absence of a further showing we must assume that the statutory procedure was properly followed. The tax deed, in due form, was *prima facie* evidence of compliance with requirements preliminary thereto and cast upon respondents the burden of proving any irregularity in the proceedings prior to its execution and delivery. (24 Cal. Jur., secs. 357, 367, 369, p. 398.) This burden respondents failed to sustain.

The above views, requiring a reversal of the judgment, render unnecessary a discussion of the effect of said order made after judgment, which must also be reversed. ■ But appellant further requests that we order entry of judgment in his favor. This we must decline to do. Upon trial of this cause both parties were lax in their efforts to complete the record sufficiently to bring the cause to proper determination. Respondents failed to produce records establishing their ownership of the property at the time the assessment was made, contenting themselves with introduction of an assessor's memorandum showing that title passed by decree of distribution in 1923. Respondents also failed to furnish a sufficient record of the tax sale proceedings, as above set forth. Appellant, on the other side, erred in waiting until presentation of his motion for new trial to demand reimbursement for sums expended in acquiring the property from the state. This resulted in the questionable order of the court made after judgment allowing him $133, the only specified sum shown to have been expended, although it is evident he also made the required redemption payment in an unspecified sum to cover

taxes, penalties and costs over the redemption period. He also received rentals from the property.

As the cause may be retried and the tax proceedings may be shown to have been defective, we might add that in such event the purchaser must be reimbursed for all taxes, costs, penalties and expenses incurred in his attempt to secure title from the state, with foundation for such award laid by introduction of evidence as to the amount of these items. (Pol. Code, sec. 3898, subd. 5; *Warden* v. *Ratterree,* 215 Cal. 215 [9 Pac. (2d) 215, 86 A. L. R. 1204] ; *Sawyer* v. *Berkeley Securities Co.,* 99 Cal. App. 545 [279 Pac. 217] ; *Redman* v. *Newell,* 114 Cal. App. 215 [299 Pac. 746] ; *Scott* v. *Warden,* 111 Cal. App. 587 [296 Pac. 95].) The purchaser may also be held to account for rentals collected from the property during the period of possession under the tax deed. (*Denning* v. *Green,* 119 Cal. App. 102 [6 Pac. (2d) 317].) On the subject of respondents' right, should they prevail, to an affirmative decree quieting their title, in view of the fact that their amended answer contained none of the elements of a cross-complaint and no prayer for affirmative relief, see *Risso* v. *Crooks, supra.*

The judgment and order appealed from are reversed.

Rehearing denied.