[Civ. No. 5823. Third Appellate District.—July 19, 1937.]

A. D. CLAYTON, Plaintiff; PHINEAS D. CLAYTON, Respondent, v. WILLIAM A. SCHULTZ, JR., et al., Appellants.

Thomas T. Califro and Marcus D. Wolff for Appellants.

J. E. White and Abraham Setzer for Respondent.

MAXEY, J., *pro tem.*—The pertinent facts of this case are fully set forth in a former appeal between these same parties, reported in 4 Cal. (2d) page 425 [50 Pac. (2d) 446]. At that time the record was insufficient to properly determine the rights of the parties hereto under the tax sale proceeding. All of the other controverted questions are fully answered by the decision above referred to. The plaintiff in intervention, having succeeded to all the rights and liabilities of the original plaintiff, will be referred to herein as the plaintiff.

The sole and only question here presented is: "Were the proceedings leading up to the sale of the real property herein involved for nonpayment of taxes regular and legal and sufficient to support the tax deed, which is the basis of plaintiff's title?"

The tax deed, on its face, is not subject to criticism, and follows in identical language the form prescribed by section 4785b of the Political Code. (4 Cal. (2d) 425, 429 [50 Pac. (2d) 446].)

Defendants' exhibit No. 1 is the delinquent tax list of the city and county of San Francisco, for the fiscal year 1926–1927. It shows publication in a supplement to the "Twin Peaks Sentinel", under date of June 18, 1927.

Defendants' exhibit No. 2 is "the delinquent tax list in and for the city and county of San Francisco, State of California, for city and county taxes, levied in the year 1931, for the fiscal year 1931–1932", and shows publication made in a supplement to "National Industrial Review" under date of June 8, 1932.

It is conceded that the publications both in 1927 and in 1932 were made for the required statutory time in the supplements above referred to, and in no manner other than set out in said exhibits, and that the tax deed, which is the

basis of the claim of plaintiff's herein is entirely dependent upon the validity of these publications for its legality and efficacy.

The supplement in each instance carried and contained no other printed matter than that pertaining to the delinquent list. Each was separately bound and covered and was not in anywise connected with the main part of the paper. The record is silent upon the question as to whether or not these papers were newspapers of general circulation, and we must therefore, conclude that the "Twin Peaks Sentinel" and the "National Industrial Review", in so far as the questions herein involved are concerned, were newspapers of general circulation.

Prior to 1921, section 3766 of the Political Code of this state provided as follows: "Manner of making publication. The publication must be made once a week for three successive weeks, in some newspaper, *or supplement thereto,* published in the county . . . "

The foregoing section was amended in 1921 to read as follows: "Publication of delinquent tax lists. The publication must be made once a week for three successive weeks in some newspaper of general circulation published in the county . . . "

Obviously it was the intention of the legislature to eliminate publications of delinquent tax lists in supplements to a newspaper, and to confine the publications thereof to a regular or main issue of a newspaper of general circulation.

"The giving of notice in the manner and form prescribed by the statute is an essential jurisdictional fact. Thus, not only is the giving of notice of the sale essential, but it must be such notice as the statute prescribed." (Black on Tax Titles, secs. 205–207; *Campbell* v. *Canty,* 12 Cal. App. Dec. 373; *Cordano* v. *Kelsey,* 28 Cal. App. 9 [151 Pac. 391, 398]; *Gottstein* v. *Kelley,* 206 Cal. 742–747 [276 Pac. 347].)

"In proceedings where the property of a citizen is to be taken, every requirement of the statute having the least semblance of benefit to the owner must be complied with." (*Warden* v. *Broome,* 9 Cal. App. 172–174 [98 Pac. 252].)

"The effect of the proceeding is to divest the owner of his title by virtue of statutory proceedings. In such proceedings, the provisions of the statute should be strictly followed." (*Warden* v. *Broome, supra.*)

We must, therefore, conclude that since the publication was made in a supplement and not in a newspaper of general

circulation, as required by the statute, that the provisions thereof were not strictly followed, and the tax deed, therefore, was void.

██ ''As the cause may be retried . . . we might add that in such event the purchaser must be reimbursed for all taxes, costs, penalties, and expenses incurred in his attempt to secure title from the State, with foundation for such award laid by introduction of evidence as to the amount of these items . . . The purchaser may also be held to account for rentals collected from the property during the period of possession under the tax deed.'' (*Clayton* v. *Schultz*, 4 Cal. (2d) 425, 432 [50 Pac. (2d) 446].)

Since the tax deed was void, and the plaintiff secured no rights thereunder, the judgment must be, and is hereby, reversed.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 18, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 16, 1937.