[Crim. No. 357.   Fourth Appellate District.—February 23, 1938.]

In the Matter of the Application of HARRY HERRICK for Writ of Habeas Corpus.

Martin J. Coughlin for Petitioner.

H. R. Griffin and Stanley Mussell for Respondent.

THE COURT.—The petitioner seeks his release from confinement under the charge of violating the provisions of ordinance No. 1597 of the city of San Bernardino.   That ordinance purports to adopt a code of fair competition for the cleaning and dyeing industry in that city, and was passed pursuant to an act of the state legislature relating to the adoption of such codes.   (Chap. 396, Stats. 1937, p. 1215.) The ordinance recites that such code is thereby set up for the purpose of "increasing employment, establishing fair and adequate wages, effecting necessary reduction of hours, improving the standards of labor, and to eliminate unfair trade practices and ruinous price cutting evils to the end of rehabilitating the Cleaning and Dyeing Industry in the City of San Bernardino, and enable it to do its part toward es-

tablishing that balance of industries which is necessary to the restoration and maintenance of the highest practical degree of public welfare''. The ordinance fixes a minimum price for various services to be performed by persons engaged in that industry, including a minimum price for cleaning and pressing a man's suit. It makes a violation thereof a misdemeanor punishable by fine not exceeding $500, or by imprisonment in the city jail for a period not exceeding six months, or by both such fine and imprisonment.

The petitioner was arrested and taken into custody on a charge of. violating this ordinance by cleaning and pressing a man's suit of clothes for a sum of money less than that fixed as the minimum price by the code thus established. This proceeding followed.

In *In re Kazas,* 22 Cal. App. (2d) 161 [70 Pac. (2d) 962], this court considered a similar ordinance establishing a minimum price for various forms of barber services, although the ordinance there in question had been passed pursuant to a different act of the legislature. In so far as principles are concerned we are unable to distinguish that case from the one now before us. The material facts in both cases are essentially similar and the questions of law involved are, in substantial effect, identical. Those questions were fully considered in the case referred to, most of the reasoning there used is applicable here and it would serve no useful purpose to repeat the same. The decision in that case was followed by *In re Landowitz,* 22 Cal. App. (2d) 733 [71 Pac. (2d) 334]. Upon the authority of those cases, and for the reasons set forth in the first of them, the petitioner is discharged and his bail exonerated.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1938.