[S. F. No. 16095. In Bank.—February 15, 1939.]

A. D. CLAYTON, Plaintiff; PHINEAS D. CLAYTON, Plaintiff in Intervention and Appellant, v. WILLIAM A. SCHULTZ et al., Respondents.

J. E. White and Abraham Setzer for Appellant.

Thomas T. Califro for Respondents.

THE COURT. — The petitioner in this proceeding, Phineas D. Clayton, seeks a writ of *supersedeas* to stay the execution of a money judgment amounting to the sum of $1633.58, which was rendered against him in a quiet title action in which he intervened, claiming to be the owner of the real property involved by virtue of a tax sale and his subsequent acquisition of the rights of the purchaser thereunder. The money judgment was for the amount of rentals collected by him as such purported owner, less expenses incurred by him in his efforts to secure title to the real property from the state. After denial of issuance of the writ of *supersedeas* by this court, and upon a further showing by petitioner of the alleged necessity therefor, a rehearing thereof was granted and thereupon an order was made to show cause why the writ should not issue, the court meanwhile ordering the stay of execution pending determination of the said order to show cause.

As grounds for the issuance of the writ, the petitioner alleged, among other things, that the judgment of the court below was in excess of the power of the court to render, in that no pleading had been filed on the part of any defendant (respondent) which raised an issue sufficient to support an affirmative judgment in favor of such defendant; that certain inconsistencies existed in said judgment in that therein petitioner was charged with the payment to respondents of the gross rentals collected by him, without an allowance to him of certain interest he asserts he was entitled to, but with regard to which he contends the court in its judgment had failed to allow him because of an erroneous computation of the amount of said interest; that a certain item of expense which he claimed to be entitled to was erroneously denied him; that the form of the judgment was such that upon noncompliance therewith, it might subject him to contempt of court, and that the said judgment was intended to have such effect.

Respondents' return to the order to show cause discloses the situation that certain undeniable facts and circumstances arising out of proceedings theretofore had in this litigation

were not divulged to this court by the petitioner in his petition for issuance of the writ, and that these facts and circumstances so omitted have a material bearing on the propriety of the issuance of the writ.

It appears by the said return of respondents that on July 29, 1932, one A. D. Clayton filed an action to quiet title to the real property involved in the above-entitled proceedings; that Phineas D. Clayton (petitioner in the instant proceedings) intervened in said action, claiming title to the premises to be vested in himself by virtue of a purported tax sale by the tax collector of the city and county of San Francisco, at which sale A. D. Clayton was the purchaser and to whose rights as such the petitioner succeeded. By the complaint in intervention it was alleged that the defendants in the action (respondents herein) claimed some interest or title to the said real property, but that such claim or interest was subordinate to petitioner's title. The defendants who appeared in the action answered specifically, denying all the allegations that were contained in the complaint in intervention, but admitting that they claimed some interest in, title to or lien upon, the said real property,—praying that plaintiff in intervention take nothing by his complaint, and decreeing that plaintiff's asserted title be declared invalid and void. The judgment was in favor of the defendants, one of whom was adjudged to be the owner of the property. The plaintiff in intervention appealed from the judgment (*Clayton* v. *Schultz,* 4 Cal. (2d) 425 [50 Pac. (2d) 446]); and on such appeal it was held that the record was insufficient to properly determine the rights of the parties under the tax sale proceedings and the judgment was therefore reversed, this court there stating that if upon a retrial the tax proceedings should be held to be defective, the purchaser would be entitled to reimbursement for all taxes, penalties, costs and expenses incurred in his attempt to secure the title from the state, with foundation for such award laid by introduction of evidence as to the amount of these items, and that the said purchaser should be held to account for rentals collected by him from the property during the period of his possession thereof under the tax deed. The court there also held, upon the authority of the case entitled *Risso* v. *Crooks,* 217 Cal. 219 [17 Pac. (2d) 1001], that even though affirmative relief had not been specifically asked for by defendants by virtue of a

cross-complaint or otherwise, an award in their favor in the judgment which would benefit the plaintiff in securing an allowance to him of moneys expended by him for taxes, even if erroneous, would not be prejudicial to plaintiff's substantial rights. The return further shows that thereafter a retrial was had and that it resulted in a judgment for the intervener, from which judgment an appeal was again taken to this court by the defendants. Thereafter, the appeal was transferred to the District Court of Appeal, Third Appellate District, where the judgment was reversed (*Clayton* v. *Schultz*, 22 Cal. App. (2d) 72 [70 Pac. (2d) 512]), that court holding that because the proceedings leading up to the sale of the real property for nonpayment of taxes were irregular and illegal, the tax deed was void, and the intervener secured no rights thereunder. The court there reiterated the direction of this court on the former appeal to the effect that since the cause again might be retried, the purchaser must be reimbursed for all expenditures incurred in his attempt to secure title from the state, with foundation for such award laid by the introduction of evidence as to the amount of these items and that ''The purchaser may also be held to account for rentals collected from the property during the period of possession under the tax deed.''

It further appears from the return of respondents to the order to show cause that on November 29, 1937, the trial court granted their motion to give effect to the decision of the appellate court, which motion was supported by affidavits and the respective *remittiturs* of the Supreme Court and of the District Court of Appeal relating to said two appeals, and to the granting of which motion petitioner made no objection; that pursuant thereto the court appointed a referee and directed that an ''accounting'' be had for the purpose of giving effect to the decision of the District Court of Appeal and, in accordance therewith, to determine the amount of ''all taxes, costs, penalties, and expenses'' incurred by the plaintiff in intervention in his attempt to secure title from the state, together with the amount of ''rentals collected from the property'' during his possession under the tax deed.

By the terms of the judgment which followed the ''accounting'' proceedings, the respondents were adjudged to be the legal owners of the property involved—and petitioner was

ordered to pay to respondents the sum of $1633.58, which was found to be the sum remaining after deducting the amount of expenses incurred by petitioner in his pursuit of title, from the total amount of rentals collected by him while in possession of the said real property. It is thus seen that the "accounting" proceedings and the rendition of the judgment which followed, and of which petitioner now complains, were had in response to the specific directions of both of the appellate tribunals hereinbefore mentioned.

It further appears by the terms of the said judgment that petitioner was permanently enjoined from asserting or setting up any claim whatsoever in or to the real property involved, or to the possession of any of the rents, issues or profits thereof. It appears, however, by the return to the order to show cause that "ever since the taking of said accounting . . . and the making and entering of said judgment of the . . . Superior Court", the petitioner has "demanded, and continues to demand from the tenants and occupants of said premises . . . rentals therefrom", and that he has entered the premises and asserted ownership in the property and threatened the tenants and occupants with eviction unless they paid to him the rentals of said premises.

■ It is clear that the rights and equities of the respective parties to this litigation were conclusively and finally determined in favor of the respondents and against the petitioner by virtue of the appellate court decision above referred to; that the "accounting" proceedings and judgment rendered thereon were necessarily in furtherance thereof and that if, in the judgment which followed the "accounting" proceedings, error may have been committed in the allowance or rejection of certain or any items of the accounting, or in a computation of interest—which assumed fact, however, we do not concede—such error (if any) is not a sufficient reason, in itself, for the issuance of the writ here sought. Upon a consideration of the merits of the appeal the question of such alleged error may properly be passed upon by the court.

■ One of the other grounds urged for the issuance of the writ, to wit, that the court was without power to render affirmative relief to the defendants in the absence of a cross-complaint or its equivalent, is now *res judicata* by virtue of the decisions rendered on the two former appeals in this case.

■ Nor is the fact that contempt proceedings against petitioner might be instituted pending the appeal from the judgment a sufficient cause under these circumstances for the issuance of the writ. (*People* v. *City of Westmoreland,* 135 Cal. App. 517 [27 Pac. (2d) 394], *Wolf* v. *Gall,* 174 Cal. 140 [162 Pac. 115], and *In re Graves,* 62 Cal. App. 168 [216 Pac. 386].)

■ Manifestly, the facts of this case do not warrant the issuance of an order for the stay of execution of the judgment without adequate protection to the rights of respondents. (*Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2] ; *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653] ; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161] ; and *Swift* v. *Shepard,* 64 Cal. 423 [1 Pac. 493].) Even if it be conceded that in the case of a prohibitory injunction this court has inherent power to issue a writ of *supersedeas* to maintain the subject of the action in *status quo* pending appeal (*People* v. *Associated Oil Co.,* 211 Cal. 93 [294 Pac. 717] ; *Ohaver* v. *Fenech,* 206 Cal. 118 [273 Pac. 555] ; *Dry Cleaners & Dyers Institute* v. *Reiss,* 5 Cal. (2d) 306 [54 Pac. (2d) 470] ; *Goodall* v. *Brite,* 1 Cal. (2d) 583 [36 Pac. (2d) 190]), petitioner has not presented such a statement of facts as would justify this court in exercising the power in his behalf. In this regard it is said in 2 California Jurisprudence, page 465, that an ''appellate court must, . . . [in issuing an order which will stay proceedings upon a prohibitory injunction] consider the rights of the respondent as well as of the appellant, and contemplate the possibility of an affirmance as well as a reversal. If, therefore, a stay can be granted only at the risk of destroying rights which will belong to the respondent if the judgment is affirmed, it cannot be said to be necessary or proper to the complete exercise of appellate jurisdiction''. (See, also, *Hulbert* v. *California etc. Cement Co.,* 161 Cal. 239, 256 [118 Pac. 928, 38 L. R. A. (N. S.) 436] ; 23 Cal. Jur. 982 ; *Dry Cleaners & Dyers Institute* v. *Reiss,* 5 Cal. (2d) 306, at p. 310 [54 Pac. (2d) 470] ; *Ohaver* v. *Fenech,* 206 Cal. 118, at p. 124 [273 Pac. 555].)

It follows from the foregoing that the order to show cause should be discharged, and the petition denied. It is so ordered.