[Civ. No. 3346. Fourth Dist. July 27, 1944.]

GRAHAM ROLAND et al., Respondents, v. SOUTHERN TITLE & TRUST COMPANY (a Corporation), Appellant.

Solon S. Kipp, W. E. Starke and C. C. Pease for Appellant.

Dwight E. Stanford for Respondents.

MARKS, J.—This is an appeal from a judgment quieting plaintiffs' title to a lot in Cuyamaca Resort Unit No. 2 in San Diego County. Plaintiffs' title depends on the validity of a tax title under a deed to the State dated September 1, 1933, and another from the State to them dated August 12, 1941. Plaintiffs argue the question of the insufficiency of the answer to raise certain necessary issues but owing to the conclusion we have reached on the merits it will be unnecessary to decide this question. We will assume that the answer put all necessary questions in issue.

Defendant urges that the notice of sale for delinquent taxes for the fiscal year 1926-1927 is defective in form and affords no legal basis for the deed to the State. Subdivision 1 of section 3764 of the Political Code in effect when the sale to the State was made (Stats. 1921, p. 107) provided that the notice of sale contain the statement that the property would be sold for the nonpayment of "taxes, *assessments*, penalties, and costs due, *and which are a lien thereon*." (Italics ours.) The published notice omitted the word "assessments" and the phrase "and which are a lien thereon," but did contain the statement that the "real estate upon which said taxes are a lien . . . will be sold." It is argued that this departure from the language of the code section is fatal to the proceedings and rendered the resulting sale void.

There is nothing in the record indicating there were any "assessments" on the property. ▓ The word "assessments" has a well defined meaning in the law of this State and usually refers to a charge levied on property to pay for a local improvement. ▓ If there were no delinquent assessments, no good purpose could be served by requiring that word to be included in the published notice. If used under such circumstances it would imply a mistake of fact and would only serve to confuse the taxpayer. In the absence of proof that there were delinquent assessments that were a lien on the property we cannot regard the omission of the word "assessments" from the notice as material here.

▓ We regard the words "and which are a lien thereon" as a direction to the tax collector to correctly compute and state the amount of the delinquencies and not as a requirement that those words be made a part of the notice which did contain the statement that the property upon which the taxes were a lien would be sold which we believe should be held to be

a sufficient compliance with the statute as there is no claim that the amount of the taxes, penalties and costs was not correctly given in the notice.

Further, the quoted words appearing in subdivision 1 of the section do not appear in the form of the notice set forth in subdivision 2.

If we understand them correctly, counsel for defendant argue that the notice is defective because, in the delinquent list, instead of segregating the items of taxes, penalties and costs, the total of the three was given in the notice. He relies on the case of *Gottstein* v. *Kelly,* 206 Cal. 742 [276 P. 347], and other cases of similar import as supporting this argument.

In 1929 the Legislature amended sections of the Political Code which were construed as follows in *Clayton* v. *Schultz,* 4 Cal.2d 425 [50 P.2d 446] :

''There is no merit in respondents' claim that the notice of sale was fatally defective in failing to separately state the items of 'taxes, penalties and costs', as required prior to 1929 —this on the theory that the applicable law is the law as it stood in 1926 which controls the period of redemption. (*Risso* v. *Crooks,* 217 Cal. 219, 220 [17 P.2d 1001] ; *Teralta Land etc. Co.* v. *Shaffer,* 116 Cal. 518 [48 P. 613, 58 Am.St.Rep. 194].) It is true that prior to 1929, following decision in the case of *Gottstein* v. *Kelly,* 206 Cal. 742 [276 P. 347], the possible construction to be placed upon the provisions of sections 3747 and 3764 of the Political Code was that taxes, penalties, and costs should be separately shown on the publication of delinquent lists and notices of sale under sections 3771 and 3771a. In that year, however, the legislature amended these provisions by requiring that the delinquent list show only 'an amount equal to the total amount of all taxes, assessments, penalties and costs due' (sec. 3764), and in passing the amendatory act (Stats. 1929, p. 742), specifically declared that the amendments were 'not a change in, but a statement and declaratory of the law as the legislature intended it to be by the terms of those sections prior to' the amendment (sec. 4). Section 4 futher provided: 'All publications of delinquent lists or notices of sale under sections 3771 and 3771a of the Political Code failing to enter taxes, penalties and costs as separate entries but entering the foregoing amounts in one total sum and all sales . . . tax deeds . . . based upon such en-

276

tries ... are hereby confirmed, validated and legalized. ...'...

"Respondents contend that so much of the 1929 amendment as is declaratory of the meaning of the said statutes, with intent to give them a retrospective operation, is unconstitutional. In view of the nature and purpose of the amendment, so far as here applicable, we see no reason to declare it unconstitutional."

Defendant argues that the tax collector lacked the necessary authority to issue the tax deed to the State because of jurisdictional defects in the publication of the notice and the addenda thereto.

█ Section 3764 of the Political Code, in effect in 1933, provided that the notice should contain the provision that the property would be sold upon which "five years will have elapsed from the date of the sale of said property to the state." The published notice provided that the property would be sold "upon which five years or more will have elapsed. . . ." The code section also contained the provision that the notice should contain the statement that the property was sold to the State "in the year 19— for the taxes of the year 19—."

The notice which was published on August 8, 1933, contained the usual notice of sale for delinquencies for the year 1932-1933, to which was added: "ADDENDA TO DELINQUENT TAX LIST—Notice of Sale of Property at Public Auction for Delinquent Taxes of 1927. Also Property Delinquent for Taxes of 1925 and 1926 for which sale was postponed under Section 3817a of the Political Code," after which appeared the notice of the time and place of the sale.

Then appeared the following in the addenda: "DELINQUENT TAXES OF 1927," followed by descriptions of the various parcels and the other appropriate information. Next then appeared: "DELINQUENT TAXES OF 1925. For which sale was postponed in 1931 and again in 1932 in accordance with Section 3817a of the Political Code." This was followed by numbers, the names of those to whom the parcels were assessed, with descriptions and the amount of the least acceptable bid, an index and also "DELINQUENT TAXES OF 1926— For which sale was postponed in 1932 in accordance with Section 3817a of the Political Code," followed by the same information.

Defendant maintains that this variance in the notice from the provisions of the statute is fatal to the proceedings. It should be noted that section 3764 of the Political Code in 1933 provided that the notices "shall be in substance, and may be in form as follows:", after which appeared the form to be used.

The variance in the published notice from the prescribed form was made necessary by the tax moratorium statute under which delinquent tax sales were postponed beyond the five-year period. With the moratorium in force, and the sales postponed, it was impossible for the tax collector to give a notice of the date of a sale when only five years had elapsed from the first date of the sale to the State. Because of these postponements it was also impossible for him to state, in a single notice, a single year in which various parcels had been sold to the State for taxes of a single year.

We must construe the various code sections together and harmonize them if possible. While it might have been proper for the Legislature to have amended section 3764 of the Political Code at the time of the passage of the moratorium act to make the form of the notice conform to the new conditions made necessary by that act, this was not done, and the assessor had to modify the form to conform to those new conditions. No taxpayer who studied the notice which was published could have been misled by it. He could have gained all the information to which he was entitled under the law. In view of these facts, and of the further fact that the Political Code provided that the notice "shall be in substance and may be in form . . . ," set forth, there was a substantial compliance with the law and defendant may not complain.

The final objection raised by defendant is that the deed from the State to plaintiffs was void because it set forth that the property was sold for $250 when $258.29 was the actual price paid for it.

The same contention was made in *Smart* v. *Peek,* 213 Cal. 452 [2 P.2d 380], and was held unsound for the following reasons:

"And, further, appellant contends that even if the sale was for the proper amount, a deed which misrecites a sale for a smaller amount is void. The deed in the instant case recited a sale for $2,219.87. When a tax deed founded upon a valid

sale is defective in form or misrecites the true facts, the sale is not rendered void, but the purchaser may compel the issuance to him of a conveyance in due form. (*Morton* v. *Sloan,* 96 Cal.App. 747 [275 P. 223], and cases there cited.) In *Morton* v. *Sloan, supra,* in which a hearing was denied by this court, the District Court of Appeal considered the validity of a tax deed issued under section 3785b of the Political Code, which recited that all taxes levied and assessed prior to 1919 had been paid, instead of reciting that all taxes prior to sale had been paid. Although a corrected deed had been filed in the appellate court under section 956a of the Code of Civil Procedure the court held that the original deed was not void, but sufficient to pass title, and merely irregular. A similar decision was made in *Schainman* v. *All Persons,* 96 Cal.App. 753 [275 P. 225, 276 P. 113], decided the same day. We regard the rule of said decisions as equally applicable to a deed issued under section 3898 of the Political Code, and to an error in stating the amount bid for the property. The misrecital does not destroy the effect of the deed as *prima facie* evidence of the other facts recited therein.''

For the reasons given the judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1944.