[Civ. No. 13913.   First Dist., Div. Two.   Oct. 16, 1948.]

FRENCH ART CLEANERS (a Corporation), Respondent,
v. STATE BOARD OF DRY CLEANERS, Petitioner.

Fred N. Howser, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Petitioner.

Geo. M. Naus and Nathan Kessler for Respondent.

DOOLING, J.—This is an application for a writ of supersedeas to stay the operation of a temporary injunction pending the determination of the defendant's appeal.

It appears from the record that acting pursuant to sections 9563-9566 of the Business and Professions Code (Stats. 1945, pp. 2847-8) the defendant and appellant State Board of Dry Cleaners established a minimum price scale for the services

to be charged by cleaning establishments operating in Alameda County, effective on and after January 14, 1948. The plaintiff, which operates a dry cleaning plant in Alameda County, on February 9, 1948 filed its complaint seeking to enjoin the enforcement of this schedule of prices and the order granting a temporary injunction was made and entered on May 18.

That this court has the power to stay the operation of a prohibitory injunction is settled by *Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174, 177 [114 P.2d 579]. That case presented the converse of this. There an injunction had been issued by the trial court restraining the defendant from issuing trading stamps to its customers on the ground that the enjoined practices violated the Unfair Practices Act. The court issued the writ of supersedeas. At pages 177-178 the court said:

"The sole question then is whether the showing made by petitioner is such as will justify this court in exercising its inherent power in his behalf. We think that it is. This conclusion is not based upon a balancing of conveniences or hardships, which is not the proper test (*Hulbert* v. *California etc. Cement Co.,* 161 Cal. 239 [118 P. 928, 38 L.R.A. N.S. 436]; *Ohaver* v. *Fenech, supra* [206 Cal. 118 (273 P. 555)]; *Dry Cleaners & Dyers Inst.* v. *Reiss, supra* [5 Cal.2d 306 (54 P.2d 470)]), but upon a consideration of the respective rights of the litigants, which contemplates the possibility of an affirmance of the decree as well as of a reversal. (*Clayton* v. *Schultz, supra* [12 Cal.2d 703 (87 P.2d 355)].)

"The merchandising practice employed by petitioner is one of long standing. No doubt its abrupt abolishment would cause disruption in the orderly conduct of his business and a loss of patronage and customer good will, possibly so irreparable as to deprive him of the fruits of a meritorious appeal. This situation is such as to warrant issuance of the writ of *supersedeas.* The stay of proceedings will remove petitioner's risk of loss, and it may be granted without injury to or destruction of any rights which may be established in behalf of plaintiff trade association if the decree is affirmed."

In that case the trial court had enjoined the defendant from continuing to follow a long established business practice. The burden was on the merchant to demonstrate his right to supersedeas so that he might continue this established practice pending the appeal. In the passage quoted the court held that this burden had been met. In the case

before us the effect of the injunction is to permit the respondent to continue its established business practices and the burden is on the appellant to show that supersedeas should issue, the effect of which would be to force respondent to discontinue its established business practices under criminal penalties which may amount to a maximum of $200 per day. (Bus. & Prof. Code, §§ 9590-9591.) Under the reasoning of the cited case we cannot hold that this burden has been met.

The parties devote much space to an argument of the appeal on its merits. That plaintiff's position is not frivolous is attested by such cases as *People* v. *Osborne,* 17 Cal.App.2d Supp. 771 [59 P.2d 1083] ; *In re Kazas,* 22 Cal.App.2d 161 [70 P.2d 962] ; *In re Landowitz,* 22 Cal.App.2d 733 [71 P.2d 334] ; and *In re Herrick,* 25 Cal.App.2d 751 [77 P.2d 262]. Further than this we should not inquire into the merits on this proceeding. The Supreme Court said in *Food & Grocery Bureau* v. *Garfield, supra,* at page 178 :

"The correctness of the trial court's ruling on the subject, and the question of what the ultimate decision should be, are not matters of concern in this proceeding."

The petition for writ of supersedeas is denied and the alternative writ discharged.

Nourse, P. J., and Goodell, J., concurred.